James A. McDowell, Plaintiff-Appellee, v. William Jarnagin and Beulah Jarnagin, d/b/a B & B Taxi Co., and William T. Hagen, Defendants-Appellants.

Gen. No. 64–9.

Third District.

January 21, 1965.

Rehearing denied May 6, 1965.

Arthur D. Young, of Lewistown, for appellants.

Lachlan Crissey, of Lewistown, for appellee.

MORAN, J.

Defendants appeal from an order denying their motion to set aside a default judgment in the sum of $10,000.

The judgment arises out of a complaint for personal injuries filed December 3, 1962. The complaint sets forth that the accident occurred on November 22, 1961, at an intersection which is governed by traffic lights in Canton, Illinois. The complaint is in two counts; one containing the usual allegations for ordinary negligence and the other containing willful and wanton misconduct. The prayer of the complaint requested $15,000 damages. The primary allegation was to the effect that the defendant, William Hagen, employee of the other two defendants, drove his cab through a red light into the plaintiff's vehicle.

Summons was served personally upon Hagen and William Jarnagin and upon Beulah Jarnagin by leaving a copy and mailing the same to her the next day. Service was had on December 5, 1962. No pleadings were filed by the defendants.

On March 25, 1963, the defendants were called in open Court and failing to appear, a default order against them was entered. The Court on the same day then heard the sworn testimony of one witness, the plaintiff, and allowed into evidence seven exhibits. One of the exhibits, No. 7, disclosed that the plaintiff had a previous accident on May 30, 1961, while racing a motorcycle. The injury from the May accident was a fracture of the right tibia. Prior to his being discharged as completely healed, the November accident occurred and his injury again was to the right tibia at the same site. The Court found for the plaintiff as to Count 1 of the Complaint and assessed his damages

in the sum of $10,000, and entered judgment on the findings.

Ten days later, well within term time, the defendants filed their Motion to Set Aside the Default Judgment supported by affidavits of defendants' counsel, Hagen and William Jarnagin. The affidavit of Jarnagin incorporated a statement of one Mary Anderson, a passenger in the cab. The plaintiff failed to file counter-affidavits.

The affidavit of Hagen briefly stated was to the effect that the plaintiff ran the stoplight; that the plaintiff at the scene stated "I saw the light was red—I don't know why I ran through it"; that the plaintiff's leg was in a cast at the time; that the plaintiff's insurance carrier paid in full, his claim for injuries and loss of time at work; that Mary Anderson was a passenger in his cab at the time of the accident; and that he was served a summons in the cause and immediately notified William Jarnagin, his employer, of the service.

William Jarnagin's affidavit states that upon being served summons in this cause, he notified his insurance agent at once and notice was immediately given to his insurance company in Chicago; that he supposed the defense of said suit would be made by his insurance company; that he had no notice of any judgment until he read it in a news article in the Canton Daily Ledger on March 26, 1963; that on the same date he again notified his insurance company; and that he was not guilty of delay or lack of diligence. Attached to this affidavit was the statement of Mary Anderson to the effect that the traffic lights were in favor of the taxi and that the taxicab had a green light.

The affidavit of the attorney for the defendants, made on information and belief, states that the signal light was red at the time the plaintiff entered the intersection; that the plaintiff was driving his car with his left leg and foot, his right leg and foot being in a cast,

even though his car was outfitted for use by the right foot of the driver; that the insurance company for the plaintiff paid the claim of the defendant William T. Hagen and also part payment for the claim of the defendants William and Beulah Jarnagin; that a letter, summons and complaint was forwarded to the defendants insurance company; that the company received same and transferred it to Jack Karson for handling; that on December 11, 1962, Karson sent a letter to defendants acknowledging receipt of the file and stating that defendants counsel would represent them in the proceedings; that Karson was a diabetic and shortly after December 11, 1962, he was stricken with an attack of diabetes which lasted two weeks; that upon his return to work the file and letter in this cause was misplaced and misfiled, and no notice to defend was sent to any attorney; that the next knowledge of the case that the insurance company had was on March 27, 1963, when defendants notified them of the news story concerning the default.

After hearing arguments on the motion the trial judge took the same under advisement. Five months later he denied the motion and this appeal followed.

The Appellant contends that (1) the order of default was improper in form and as to the correct legal entities, (2) the motion showed a meritorious defense and was without lack of diligence, (3) that the damages assessed were excessive, and (4) that since the motion was made within term time it should be granted to further the ends of justice.

■ It is to this last point that the Court will first address itself. Generally speaking, most appeals from default judgments are where the motion or petition to vacate the default judgment is filed after term time. That is not the fact in this case. The motion was filed under Ill Rev Stats ch 110, sec 50(6) (1963), which states:

"The Court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

Nowhere does this section concerning motions to set aside default judgments within term time call for the filing of affidavits. However, Ill Rev Stats ch 110, sec 72 (1963), does call for affidavits after the expiration of thirty days from the entry of the order by default or otherwise. The affidavit called for by this section should show matters not of record.

██ ██ The legislature has made a differentiation between judgments, and especially the mode of procedure as to the opening or setting them aside. The burden of opening a judgment which is less than thirty days of record is not as great as that of opening a judgment which is more than thirty days of record. This is as it should be. It is well settled that a judgment of the trial court does not become final until the passage of thirty days. As was stated by Justice Solfisburg in Till v. Kara, 22 Ill App2d 502, 161 NE2d 363, "a motion . . . seeking to set aside a *final* judgment of a court having jurisdiction of the parties and the subject matter, is one of serious import and if treated lightly, threatens the stability of our courts, Conrad v. Camphouse, 230 Ill App 598." (Emphasis added.) With this we agree; however, the default order before us was not final but only ten days old.

██ As far back as Mason v. McNamara reported in 57 Ill 274, and later referred to in McMurray, Adm. v. The Peabody Coal Co., 281 Ill 218, 118 NE 29, the rule has been that courts should be liberal in setting aside defaults at the term in which they are entered where it appears that justice will be promoted thereby.

See also Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525.

■ The case law of Illinois seems to apply certain rules with regard to the vacating of default judgments. The rules are the same whether made during term time or thereafter. A motion to vacate a default judgment must show a meritorious defense as well as the exercise of due diligence. Till v. Kara, supra. The motion should be addressed to the sound legal discretion of the court, and it is only when there is an abuse of discretion that a reviewing court will interfere. McMurray v. Peabody Coal Co., supra.

■ The affidavits in the case at bar show that the defendants have a meritorious defense. The only question then is whether they exercised due diligence in avoiding the ex parte judgment. For the answer to this we must look to the affidavits of the defendants, and, since no counteraffidavits were filed we are bound to accept the defendants affidavits as true. Colletti v. Schueffer's Motor Service, Inc., 38 Ill App2d 128, 186 NE2d 659.

The Third District Appellate Court in the case of Dalton v. Alexander, 10 Ill App2d 273, 135 NE2d 101, relying upon the case of Busser v. Noble, 8 Ill App2d 268, 131 NE2d 637, considered a set of facts similar to the case before us. Both cases involved motions to set aside default judgments *during term time*. In both cases the affidavits showed that the defendant delivered the summons promptly to his insurance agent and that it was the neglect of the insurance agent, not the defendant, which caused the default order; however, the trial court denied the motions. On appeal, the orders were reversed. In the Busser case the court stated, "The power to set aside a default and permit a defendant to have his day in court is based upon substantial principles of right and wrong and is to be exercised for the prevention of injury and the further-

ance of justice (31 Am Jur 279)." See also Dann v. Gumbiner, supra.

The appellee cites cases on this point but it will be noted that all of the cases so cited concern the vacation of default judgments after term time. This court cannot see how the plaintiff can be prejudiced by going to trial on the merits. Certainly, he must have realized that the default order entered would not become final until the passage of thirty days.

We are of the opinion that a motion to set aside a default order during term time under ch 110, sec 50(6) should be viewed with more liberality than one filed after term time under ch 110, sec 72. This is so in the furtherance of justice to all where the plaintiff will not be prejudiced and injury to the defendant will be avoided.

Considering all of the circumstances as revealed by the affidavits of the defendants, the fact that the motion in this case was made within term time, and the liberality that should be applied in such cases, we have reached the conclusion that in the exercise of sound discretion the trial court should have allowed the motion to set aside the default judgment.

In view of this conclusion it is not necessary that we pass upon the other points raised in this appeal.

The judgment of the Circuit Court of Fulton County is reversed and the cause is remanded with directions to vacate the default order and permit the defendants to answer or otherwise plead.

Reversed and remanded with directions.

ABRAHAMSON, P. J. and CARROLL, J., concur.