77 Ill. App.2d 234 (1966)
222 N.E.2d 28
John J. Gordan, Plaintiff-Appellant,
v.
Board of Trustees of the Firemen's Pension Fund of the City of Joliet, Illinois, and Harry Cox, et al., Defendants-Appellees.
Gen. No. 65-88.
Illinois Appellate Court  Third District.
December 7, 1966.
*235 *236 Gray, Thomas, Wallace & O'Brien, of Joliet, for appellant.
Barr & Barr, of Joliet, for appellees.
ALLOY, J.
This is an appeal from an order of the Circuit Court of Will County affirming the action of the Board of Trustees of the Firemen's Pension Fund of the City of Joliet, Illinois, denying the application of plaintiff John J. Gordan to be enrolled as a member of the Firemen's Pension Fund. Action was filed in the Circuit Court of Will County under the Administrative Review Act. It was plaintiff's theory in that court and on appeal, that the denial of plaintiff's application to be enrolled in the Firemen's Pension Fund contravened section 4-107 (b) (3) of chapter 108 1/2 of 1963 Illinois Revised Statutes. In this connection it is contended that action on plaintiff's application was a mere ministerial act and that the undisputed medical evidence required defendant Board to conclude that plaintiff was physically and mentally fit to perform the duties of a fireman. The Act to which reference is made provides in part (in outlining qualifications for the pension fund after having been appointed as a fireman) that applicant "(3) Be found upon a medical examination of a duly licensed physician selected by the Board to be then physically and mentally fit to perform the duties of a fireman."
The record discloses that plaintiff was appointed a fireman in the City of Joliet Fire Department on August 15, 1964, and continued to perform his duties as a fireman from the time of his appointment for a period of seven months. Prior to the expiration of such time an *237 application had been made within the time prescribed by the Act (3 months). Following the application plaintiff was examined by a physician who was selected by the defendant Board. In the report of physician he specifically found that plaintiff "was examined and found to be in good health at this time. His chest X-ray and urinalysis were normal. However, the X-ray of his back reveals a deviation which predisposes to a weak back. He also has evidence of a healed fracture of the back. If I had seen this man as a prospective employee, I would have strongly questioned the desirability of hiring him. However, since he has already been working for the Fire Department for six months, I feel that you should weigh the X-ray report versus his competence and desirability, etc. This X-ray states that he has a tendency towards a weak back, and therefore, more prone to back trouble than the average. However, at the present time, his back is in good condition."
Defendant Board of Trustees held a special meeting to consider applications to the fund and at this meeting the report of the physician together with the X-ray reports were presented and read. Upon consideration, the Board unanimously determined to reject plaintiff's application and to refund to him money he had paid in contributions during his seven-month employment as a fireman. Plaintiff asserts that as a result of the report, plaintiff was found physically and mentally fit to perform the duties of a fireman and that, therefore, the decision of the defendant Board was illegal. The defendant in the Circuit Court and on appeal in this court denies that the plaintiff met the physical qualifications required by the terms of the Act for enrollment in the Firemen's Pension Fund and specifically asserts that the power and duty of deciding whether plaintiff was qualified for enrollment in such Fund is vested solely in defendant's Board of Trustees and that such decision of the Board is sustained by the evidence.
*238 It is noted that the language of the section of the Pension Code referred to above requires that an applicant be found to be physically and mentally fit to perform the duties of a fireman in order to qualify for enrollment in the Firemen's Pension Fund (1963 Illinois Revised Statutes, Pensions, chapter 108 1/2, section 4-107 (b) (3)). It is pointed out that there is no specific finding in the report that plaintiff is physically and mentally fit to perform the duties of a fireman but only that the plaintiff was examined and found to be in good health at this time subject to the observations with respect to his back hereinabove set forth. In the Act relating to Firemen's Pension Funds prior to its amendment in 1943 (1941 Ill Rev Stats, c 24, § 918) the Act provided that an applicant "passes a medical examination to determine his general physical condition given by a physician selected by the Board of Trustees." As noted, this provision was amended to provide specifically that the applicant shall "be found upon a medical examination of a duly licensed physician selected by the Board to be then physically and mentally fit to perform the duties of a fireman."
[1] The power and duty of determining whether an applicant for enrollment in the Firemen's Pension Fund is qualified for enrollment is vested in the Board of Trustees of the Fund. The language of the Act does not confer the power of determining whether such applicant is so qualified on a physician selected by the Board but that determination is left to the Board itself. In People for the Use of McCambridge v. Board of Trustees of Firemen's Pension Fund, 95 Ill. App. 300, the court stated (at page 302):
"The petition proceeds on the theory that if the medical officer appointed by the board reports that the applicant for a pension is physically or mentally permanently disabled, by reason of service in the fire department, so as to render his retirement from *239 such service necessary, the board, on receiving such report, has no discretion in the matter, and must retire the applicant, and grant his application for a pension. In other words, that the medical officer and not the board of trustees, is to determine whether the applicant should be retired and pensioned.
"We cannot concur in this view. We think it clear that it was not the intention of the legislature to confer such power upon a medical officer appointed by the board to make physical examinations of applicants for pensions. The sole duty of such medical officer is to examine the applicant and report to the board the result of his examination. He has no power to conclusively decide that the applicant shall be retired."
[2, 3] It is obvious also in the case before us, that the obligation is imposed upon the Board to determine whether the applicant is physically and mentally fit to perform the duties of a fireman, although the determination of whether an applicant should be admitted to the pension fund could not be exercised arbitrarily.
[4, 5] On the record before us the physician reported specifically "the X-ray of his back reveals a deviation which predisposes to a weak back. He also has evidence of a healed fracture of the back." The report also indicated that the X ray disclosed that he had a tendency toward a weak back and, therefore, more prone to back trouble than the average. We cannot say, on the record before us, that the undisputed facts are susceptible of but a single inference. The Board may very well have concluded that this condition would make plaintiff more prone to back trouble than the average and would adversely affect his present fitness to perform the duties of a fireman. The obligations of the trustees not only include the question of determining the qualifications of an applicant to the pension fund, but also to act properly *240 in preserving the fund by admitting to the fund persons who are presently fit to perform the duties of a fireman.
[6] On the state of the record before us, as a reviewing court, we must consider the findings of the administrative agency as prima facie correct. While we may not ourselves have determined, on the record, that this is the correct conclusion, as a court of review we cannot substitute our judgment for that of the administrative board where substantial evidence supports the finding of the board as is true in the present case (Parker v. Department of Registration and Education, 5 Ill.2d 288, 125 NE2d 494; Adamek v. Civil Service Commission of Chicago, 17 Ill. App.2d 11, 149 NE2d 466).
On the basis of the record before us, the judgment of the Circuit Court will be affirmed.
Affirmed.
CORYN, P.J. and STOUDER, J., concur.