**Lauren McLaughlin, Plaintiff-Appellee, v. Nellie E. McLaughlin, et al., Defendants-Appellants.**

**Gen. No. 66–106.**

Third District.

May 17, 1967.

McNeilly & Olivero, of Peru, for appellants.

Christ T. Troupis, of Mendota, for appellee.

STOUDER, P. J.

Plaintiff Appellee, Lauren McLaughlin, commenced this action for damages arising from his alleged wrongful exclusion as tenant from the premises owned by Defendants Appellants, Nellie McLaughlin, Laura Harl and Elwood Mudge. The Defendants filed their answer and also a counterclaim against Plaintiff for damages, the Plaintiff filing an answer to such counterclaim. On March 30, 1966, Judge Wendell Thompson, Magistrate of the Circuit Court of LaSalle County, set the case for hearing before him on May 3, 1966, notifying counsel thereof by letter. On May 3rd the case was called for hearing, the Plaintiff being present together with his attorney and witnesses. Neither the Defendants nor their attorney were present. The Magistrate then proceeded with the hearing and considered the testimony offered in support of Plaintiff's claim which resulted in a judgment in favor of Plaintiff on his complaint and against the Defendants on their counterclaim.

On May 9, 1966, Defendants moved to vacate such judgments attaching the affidavit of attorney for the Defendants in support thereof. The attorney's affidavit alleged that he received the notice that the case was set for hearing on May 3, 1966, that he was engaged in the trial of a personal injury action in LaSalle County Circuit Court during the week ending April 29, 1966, that he was personally trying a condemnation suit in Bureau County on May 3, 1966, and that on the morning of the scheduled hearing, the Magistrate had been informed by affiant's brother and associate in the practice of law, that the affiant was so engaged in another trial on May 3rd. The Magistrate, in denying Defendants' mo-

161

tion to vacate the judgments, made numerous findings of fact. The court found that Defendants had been properly notified of the hearing on May 3rd and neither they nor their attorney appeared before the court on said date. The findings also included the fact that after inquiry the Magistrate was advised by the brother of Defendants' attorney that the latter was engaged in trial in Bureau County. No motion for continuance was made by the attorney for Defendants nor was the Magistrate or the attorney for Plaintiff advised of any inability of Defendants or their attorney to appear on the date specified except as indicated by affiant's brother.

██ To say as does the Plaintiff that the judgment of the trial court should not be reversed unless there is shown a clear abuse of discretion or to say as do the Defendants that the action of the trial court should be reversed when injustice is shown, does not, in our opinion, announce contradictory principles. The action of the trial court should be viewed in its relationship to the prompt and orderly disposition of controversies on their merits. Whether such purpose is best accomplished by setting aside the judgment or refusing to set aside the judgment depends on the conduct of the parties, the relative hardship, prejudice or injustice which may result and the alternatives which are available to assure and promote compliance with legal procedure. This motion is filed under chapter 110, section 50(6), Ill Rev Stats, which provides that pursuant to motion filed within 30 days from the entry of a judgment, the court may set aside such judgment on any terms that shall be reasonable. With respect to the vacation of judgments by default, on motions filed within 30 days from the date of the judgment, recent cases announce the rule that courts shall be liberal in setting aside such judgments where it appears that justice will be promoted thereby. McDowell v. Jarnagin, 56 Ill App2d 395, 206 NE2d 497; Dann v. Gumbiner, 29 Ill App2d 374, 173 NE2d 525;

Ryan v. Monson, 47 Ill App2d 220, 197 NE2d 265 and Widucus v. Southwestern Elec. Co-op., Inc., 26 Ill App2d 102, 167 NE2d 799.

The affidavit of the attorney for Defendants reveals he was engaged in another trial at the time this action was scheduled for hearing. His failure to appear, request a continuance or otherwise act to avoid the result which ensued, was the result of neglect or inadvertence caused by the pressure of an active trial practice. Such affidavit also indicates, at least by implication, that the neglect of defense counsel was not the result of the conduct of the Plaintiff or his attorney. From the absence of any counteraffidavits it must be concluded that the failure of the Defendants to appear was not an intentional or willful disregard of the directions of the court and it cannot be concluded that delaying tactics were involved.

When the trial court entered the original judgment, it acted quite properly. Notice of the hearing had been given. The Plaintiff, his attorney and witnesses were present, ready to proceed. Even though the Magistrate learned that defense counsel was on trial elsewhere, such fact did not furnish any adequate basis for not proceeding with the hearing. The conduct of the attorney for the Defendants evoked the displeasure of the trial magistrate and the Magistrate understandably considered such conduct inconsistent with orderly judicial procedure.

■■ However, section 50(6), in providing that judgments may be vacated on reasonable terms, enables the trial court to assure compliance with legal procedure, to permit controversies to be determined on their merits, and to avoid any prejudice or hardship to the parties. The record does not reveal that a delay in the determination of the controversy on its merits would result in prejudice to Plaintiff. If the judgments had been vacated by the trial court, the only hardship resulting to

163

Plaintiff would have been the inconvenience and expense of his attendance and that of his attorney and witnesses. Such hardship could have been avoided if the Magistrate had provided for such inconvenience and expense as being appropriate and reasonable terms for the vacation of the judgments. Ryan v. Monson, 47 Ill App2d 220, 197 NE2d 265. By permitting the judgments to be vacated upon such terms, the Magistrate could and should have resolved the conflicting issues without prejudice to the parties and without impairment of the stability of legal procedure. While we do not condone the attorney, we believe the Magistrate erred in failing to vacate the judgment when such terms were available.

Accordingly the judgment of the Circuit Court of La Salle County is reversed, and in accord with the views herein expressed, the cause is remanded with directions that the court determine such reasonable terms as may be appropriate conditions for the vacation of the judgments. In view of the nature, necessity and basis of this appeal costs of this appeal are assessed against Defendants.

Judgment reversed and remanded with directions.

ALLOY and CORYN, JJ., concur.