STANLEY MEADOR, Plaintiff-Appellee, *v.* MAX LONGFELLOW *et al.*, Defendants-Appellants.

(No. 11222; )

Fourth District—March 18, 1971.

Manion & Doyle, of Hoopeston, (Paul T. Manion and Richard J. Doyle, of counsel,) for appellants.

Dyer, Richard, Moore & Nelson, of Hoopeston, (William E. Nelson, of counsel,) for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The defendants, Longfellow, appeal from what is said to be an order denying their motions to vacate a default judgment.

■■ The defendants executed a note as co-makers with one Longest payable to the order of plaintiff. The transaction concerned an International truck and semi-trailer. While it appeals that these defendants were accommodation parties, ch. 26, par. 3—415(1), Ill. Rev. Stat. 1967, they were primarily liable as co-makers. *Kratovil v. Thieda*, 36 Ill.2d 247; 222 N.E.2d 485.

Plaintiff obtained judgment by confession of the note on April 23, 1968. Thereafter, by stipulation and joint motion of the parties such judgment was vacated and a trial *de novo* ordered. The defendants joined with Longest in an answer which denied that value was received for the note. They also joined the latter in a counter-claim. As Count I, it is alleged that plaintiff orally agreed to convey a tractor and trailer to Longest and furnish him with as much work as he could perform, but that plaintiff failed and refused to complete either agreement; as Count II, that plaintiff wrongfully seized personal property of Longest to his damage, and as Count III, that plaintiff wrongfully received proceeds of insurance rightfully due to Longest. Plaintiff's answer denied the allegations of the counter-claim.

It appears that the matter was at issue in September, 1968. On January 20, 1969, the attorney of record for Longest and the defendants filed his motion to withdraw as counsel, setting forth in such motion that he had performed extensive work in preparation but that Longest refused to pay the agreed retainer fee, and further setting forth that in December, 1968, the defendants were advised that counsel would withdraw unless the fee was paid. Defendants received copies of this motion. On January 28, the motion of the attorney was allowed and the case set for trial on February 14, 1969. The defendants were served with copies of such order. On April 24th, they were also served with written notice of trial to be held on May 12, 1969. The trial court's judgment order of that day recited that on the trial date defendant Longest appeared *pro se* and that the defendants Longfellow did not appear. The order further recites the hearing of proof by plaintiff and the hearing of evidence on behalf of all parties, and finds the issues for the plaintiff. Judgment is ordered for the plaintiff upon the note and is entered against the defendants upon the counter-claim.

On June 10, 1969, defendants filed "their motion to vacate default judgment". This motion is supported by allegations that the defendants had been represented by an attorney who withdrew because Longest failed to meet his fee commitment, but that Longest had represented to them that he had obtained other counsel, and that as a consequence the defendants did not appear at the trial. They further allege a good and meritorious defense to plaintiff's claim. Such defense turns out to be the answer and counter-claims theretofore filed for the defendants upon which evidence had been heard on May 12th, and judgment entered in favor of plaintiff against the defendants.

Defendants, in arguing that there was excuse for failing to appear, point out that they had no reason to expect that the attorney obtained by Longest would consult them for the reason that their defense as sureties would necessarily be made through Longest. The necessary conclusion is that these defendants were not competent witnesses to any part of the principal transactions, and that any hearing following vacation of the judgment would necessarily concern the same evidence considered by the court in ordering the present judgment.

Defendants, in effect, seek to have the case tried again upon the same issues between the same parties upon the same evidence. This is a classic situation within the rule of *res judicata.*

Defendants cite cases in which judgments were set aside upon motion filed within 30 days under ch. 110, par. 50(5), Ill. Rev. Stat. 1967. Such cases include *Newton v. Lehman,* 67 Ill.App.2d 302, 214 N.E.2d 142; *Widicus v. Southwestern Elec. Cooperative, Inc.,* 26 Ill.App.2d 102, 167 N.E.2d 799; *Lynch v. Illinois Hospital Services, Inc.,* 38 Ill.App.2d 470, 187 N.E.2d 330; *Falkenberg v. Gust,* 285 Ill.App. 581, 2 N.E.2d 565; *McDowell v. Jarnagin,* 56 Ill.App.2d 395, 206 N.E.2d 497 and *Highway Realty Co. v. Blake,* 36 Ill.App.2d 309, 183 N.E.2d 886.

■■ Each of the cases relates to a judgment by default. As stated in *Widicus,* there is a preference that cases be disposed of on their merits. Here, the judgment order is not as a judgment by default either in form or in substance. It is a judgment upon the issues after hearing evidence presented on behalf of all parties. Such findings of the court are not challenged in argument or by a report of proceedings showing the contrary. In so far as these cases consider the excuse that the party relied upon the assurance of another that such party would be represented at the proceedings, we find in these cases that such reliance was founded upon a contractual obligation to furnish representation for the parties, as in an insurance contract or where an attorney had been employed. Such relationship is different than one created by an alleged oral representa-

tion of one who had demonstrated his unwillingness to comply with his first contract with an attorney.

██ The trial court stated that the record showed a patient plaintiff who should now have his just demand. We agree.

The judgment of the trial court is affirmed for the several reasons considered.

Judgment affirmed.

SMITH, P. J., and CRAVEN, J., concur.