JAMES RANDOL, Plaintiff-Appellant, *v.* DAVID MUSSELMAN *et al.*, Defendants-Appellees.

Third District No. 75-222

Opinion filed March 23, 1976.

Richard P. Lamoreaux, of Monmouth, and Mintz, Raskin & Lewis, of Chicago (Stephen Landrit, of counsel), for appellant.

Bozeman, Neighbour, Patton & Noe, of Moline, Lucas, Brown & McDonald, Stuart, Neagle & West, and Barash & Stoerzbach, all of Galesburg (Robert Noe and David McDonald, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Warren County denying his motion to vacate a judgment and dismissing his amended complaint.

The plaintiff, James Randol, filed an amended complaint, alleging he sustained certain bodily injuries as a result of a fall off the top of a boat house, located at Little Swan Lake, Illinois. The plaintiff joined as defendants to this action David Musselman, Charles Ingle, Insulation Dealers and Supply Company, and Gilpin, Inc. The amended complaint alleged that the cause of plaintiff's injuries was due to the negligence

of the defendants in manufacturing, selling, installing and using a defective iron railing surrounding the top of the boat house.

Each of the defendants moved to dismiss the amended complaint. A hearing on this motion was set for February 10, 1975. In November, 1974, plaintiff's attorney of record requested that Richard Lamoreaux of Monmouth act as plaintiff's attorney.

Notice of the hearing, scheduled for February 10, 1975, was sent to the attorney of record. Richard Lamoreaux, not having committed himself to participate on behalf of the plaintiff, was not informed of the hearing by either the court or by any attorney of record. The attorney of record for plaintiff assumed that Richard Lamoreaux had notice of the hearing.

At the hearing, plaintiff did not make an appearance. An order was entered dismissing each and every count with prejudice and ordering that the cause be stricken from the list of pending cases. The order did not specify whether the action was dismissed because of a determination of the sufficiency of the pleadings, or whether the action was dismissed because of want of prosecution.

Plaintiff filed a petition to vacate the judgment on March 6, 1975. After a hearing, the trial court entered an order on April 7, 1975, denying plaintiff's petition to vacate the order of dismissal.

Plaintiff's appeal is predicated on the order denying the petition to vacate the order of dismissal.

Although not artfully drawn, plaintiff's motion to vacate the order of dismissal was in substance a motion pursuant to section 50 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 50(5)), since the relief sought was from an order of dismissal by default. The instant appeal therefore resembles a case involving the entry of a default judgment against a defendant. Section 50(5) of the Civil Practice Act provides:

"(5) The court may in its discretion, before final order, judgment or decree, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable."

■■ The courts of Illinois have taken an increasingly liberal approach to the question of vacation of default judgments on motion made within 30 days under section 50(5). Although this determination is generally a discretionary matter for the trial court, the exercise of this discretion is subject to review. *Knight v. Kenilworth Insurance Co.*, 2 Ill. App. 3d 493, 275 N.E.2d 470.

In *Widicus v. Southwestern Electric Cooperative, Inc.*, 26 Ill. App. 2d

102, 108-09, 167 N.E.2d 799, the court stated standards which the trial court should apply in ruling on a motion to vacate a default:

> "The question of whether or not a court should set aside a default should be so resolved as to do substantial justice between the parties and with the idea in mind of carrying out, insofar as it is possible, the determination of matters upon their merits. In resolving this problem, a court may well consider whether or not a defendant has a meritorious defense, and whether or not defendant's delay in responding to the court's command actually jeopardizes plaintiff's basic position. But this should not be the only, nor necessarily, the determining factors. It seems to us that the overriding reason should be whether or not justice is being done. Justice will not be done if hurried defaults are allowed any more than if continuing delays are permitted. But justice might, at times, require a default or a delay. What is just and proper must be determined by the facts of each case, not by a hard and fast rule applicable to all situations regardless of the outcome."

■■ We believe the failure of plaintiff's attorney to appear, request a continuance, or otherwise act to avoid the result which ensued was the result of confusion and inadvertence. Plaintiff did not have proper representation. (*Cf. Meneghen v. Calumet Development Corp.*, 19 Ill. App. 3d 997, 313 N.E.2d 279.) The record does not reveal that a delay in the determination of the controversy on its merits would result in prejudice to the defendants. If the order of dismissal had been vacated by the trial court, the only hardship resulting to defendant would have been the inconvenience and expense of his attendance and that of his attorney and witnesses. (See *McLaughlin v. McLaughlin*, 83 Ill. App. 2d 160, 226 N.E.2d 406.) Under these circumstances, we hold the trial judge erred in failing to vacate the order of dismissal.

Accordingly, the judgment of the circuit court of Warren County is reversed and the cause is remanded with directions that the dismissal order be vacated.

Judgment reversed and remanded with directions.

ALLOY, P. J., and BARRY, J., concur.