JAMES ESNER, Plaintiff-Appellant, *v.* THE BOARD OF TRUSTEES OF THE FIREMEN'S PENSION FUND OF THE VILLAGE OF NORTH RIVERSIDE *et al.*, Defendants-Appellees.

First District (4th Division)    No. 77-1767

Opinion filed January 4, 1979.

Daniel Galatzer, of Chicago, for appellant.

LeRoy W. Gudgeon, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, James Esner, is a member of the fire department of the Village of North Riverside, Illinois. The Board of Trustees of the Firemen's Pension Fund of the Village of North Riverside (Pension Board) rejected Esner's application for admission into the firemen's

pension fund. The Pension Board's decision was affirmed by the Circuit Court of Cook County, upon administrative review.

Esner appeals, contending: (1) that the Pension Board applied an impermissible standard in rejecting his application for admission into the firemen's pension fund; and (2) that the Pension Board's decision is contrary to the manifest weight of the evidence.

We vacate the Pension Board's decision and the judgment of the Circuit Court of Cook County. We direct the circuit court to remand this case to the Pension Board (Ill. Rev. Stat. 1977, ch. 110, par. 275(g)) for the taking of additional evidence and the entry of specific findings. See Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5).

On February 1, 1977, Esner was appointed a member of the fire department of the Village of North Riverside. On February 4, Esner applied to the Pension Board for admission into the firemen's pension fund. Qualifications for admission are controlled by statute (Ill. Rev. Stat. 1977, ch. 108½, par. 4—107) and provide in pertinent part that "any person appointed as a fireman shall: * * * (3) Be found upon a medical examination by a duly licensed physician selected by the [Pension] Board to be then physically and mentally fit to perform the duties of a fireman" (Ill. Rev. Stat. 1977, ch. 108½, par. 4—107(b)(3)).

The Pension Board convened on March 29, 1977, to consider Esner's application for admission into the fund. The only evidence presented to the Pension Board consisted of two letters, one from the Pension Board's physician and one from Esner's physician.

Doctor Claudio G. Agne, M.D., was selected by the Pension Board to conduct a complete physical examination of Esner, for the purpose of determining whether Esner was physically and mentally fit to perform the duties of a fireman. Dr. Agne's findings were presented to the Pension Board in the form of a letter. This letter provides in pertinent part:

> "X-ray of the lumbar and sacral spines taken at Loyola University Medical Center revealed narrowing of the L-5 S-1 disk space with some degenerative changes noted in the L-5 S-1 area.
>
> The x-ray findings are indicative of osteo-arthritic changes of the spine that are present now * * *.
>
> At the time of the examination, the patient was asymptomatic as far as he can recall. However, with the x-ray findings of the spine showing a pre-existing condition, I cannot recommend him for the Pension Fund."

Esner submitted to the Pension Board, for its consideration, a letter dated February 1, 1977, from Doctor Gerald A. Hancur. This letter provides in relevant part:

> "I have reviewed the x-rays taken of James Esner in Loyola Hospital. There is a definite spondylosis and narrowing of the

lumbo-sacral joint. Since the condition is asymptomatic now I believe there is no justification to assume that this condition will be troublesome in the future, especially at his present work."

Based upon these two letters, the Pension Board voted unanimously to reject Esner's application for admission into the firemen's pension fund. Upon administrative review, the Pension Board's decision was affirmed by the Circuit Court of Cook County. Esner appeals.

OPINION

■■ The ultimate issue presented by this case is *not* whether Esner was *able* to perform and function as a fireman, at the time of his application, but, rather, whether he was "then physically and mentally *fit* to perform the duties of a fireman" (Emphasis added). (Ill. Rev. Stat. 1977, ch. 108½, par. 4—107(b)(3).) The distinction is an important one.

In *Gordan v. Board of Trustees* (1966), 77 Ill. App. 2d 234, 222 N.E.2d 28, Gordan, a member of the Joliet fire department, applied for admission into the city's firemen pension fund. The only evidence considered by the Board of Trustees, with regard to Gordan's application, was the following written report submitted by the Board's physician:

"[Gordan] 'was examined and found to be in good health at this time. His chest X-ray and urinalysis were normal. However, the X-ray of his back reveals a deviation which predisposes to a weak back. He also has evidence of a healed fracture of the back. If I had seen this man as a prospective employee, I would have strongly questioned the desirability of hiring him. However, *since he has already been working for the Fire Department for six months,* I feel that you should weigh the X-ray report versus his competence and desirability, etc. *This X-ray states that he has a tendency towards a weak back, and therefore, more prone to back trouble than the average. However, at the present time, his back is in good condition.'* " (Emphasis added.) *Gordan v. Board of Trustees* (1966), 77 Ill. App. 2d 234, 237, 222 N.E.2d 28, 29.

The decision of the Board of Trustees to reject Gordan's application for admission into the fund was affirmed by the Circuit Court of Cook County, upon administrative review. Gordan appealed to the Third District Illinois Appellate Court, contending that the report submitted by the Board's physician demonstrated his fitness to perform the duties of a fireman. In rejecting Gordan's contention and affirming the Board of Trustees' decision, the appellate court stated:

"The Board may very well have concluded that *this [back] condition would make [Gordan] more prone to back trouble than the average* and would adversely affect his present fitness to perform the duties of a fireman. The obligations of the trustees not

only include the question of determining the qualifications of an applicant to the pension fund, but also to act properly in preserving the fund by admitting * * * persons who are presently fit to perform the duties of a fireman." (Emphasis added.) *Gordan v. Board of Trustees* (1966), 77 Ill. App. 2d 234, 239-40, 222 N.E.2d 28, 30.

■■ As demonstrated by *Gordan,* the dispositive question presented by this case is not simply whether Esner has an abnormal back condition, but, rather, whether this back condition, in some significant way, renders Esner more prone to disability than the average fireman without the condition.

■■ The evidence submitted to the Pension Board *precludes* a resolution of this very question. While the letter submitted by the Pension Board's physician describes the abnormal condition of Esner's back, it contains no finding whatsoever as to whether this back condition renders Esner more prone to disability than the average fireman. The Pension Board contends that such a finding should be *inferred* from the physician's recommendation that Esner not be admitted into the firemen's pension fund. We do *not* believe that such an inference should or can be drawn.

The letter submitted by Esner's physician, on the other hand, appears, *on its face,* to resolve the issue in Esner's favor. The letter states: "[T]here is no justification to assume that this condition will be troublesome in the future especially at [Esner's] present work." The record reveals, however, serious uncertainty as to what the physician meant by "[Esner's] present work," *i.e.,* (1) Esner's pre-February 1, 1977, job as a mail carrier; or (2) Esner's post-February 1, 1977, job as a fireman for the Village of North Riverside.

Since the evidence submitted to the administrative agency precludes a resolution of the dispositive question presented, the only reasonable and just solution is to vacate the Pension Board's decision and to remand this case to the Pension Board for the taking of additional evidence (Ill. Rev. Stat. 1977, ch. 110, par. 275(g)). (See Supreme Court Rule 366(a)(5) (Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5)).) We emphasize that the ultimate issue before the Board remains the same: Was Esner, *at the time of his application to the Pension Board,* "*then* physically and mentally fit to perform the duties of a fireman." (Emphasis added.) Ill. Rev. Stat. 1977, ch. 108½, par. 4—107(b)(3).

■■ Furthermore, whatever the Pension Board's decision, it should contain specific findings supporting the action taken. Such findings are a prerequisite to proper judicial review of the Pension Board's decision. As the court stated in *Klein v. Fair Employment Practices Com.* (1975), 31 Ill. App. 3d 473, 480, 334 N.E.2d 370, 375:

"The Commission must supply the court with a statement of

reasons supporting its decision * * *. Although the FEPA does not expressly require this, the orderly functioning of the process of review requires 'that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained.' [Citations.] Having been entrusted with the duty of review, the court must be given a basis to evaluate the agency's action. [Citations.] The court must know what a decision means before it can determine its correctness. [Citation.] Besides facilitating judicial review, requiring written reasons will assure careful administrative consideration. [Citation.]"

For the reasons presented, we vacate the Pension Board's decision and the judgment of the Circuit Court of Cook County, and direct the circuit court to remand this case to the Pension Board for the taking of additional evidence (Ill. Rev. Stat. 1977, ch. 110, par. 275(g)), and the entry of specific findings supporting whatever decision is reached.

Decision and judgment vacated; cause remanded with directions.

JOHNSON, P. J., and ROMITI, J., concur.