STEVEN GREEN *et al.*, Plaintiffs-Appellees, *v.* JOSEPH MYERS *et al.*,
Defendants-Appellants.

First District (4th Division)    No. 81-852

Opinion filed May 13, 1982.

JOHNSON, P. J., dissenting.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Mary K. Rochford, Assistant Corporation Counsel, of counsel), for appellants.

Samuel Alfassa, Ltd., of Chicago (Michael D. Stevens, of counsel), for appellees.

JUSTICE JIGANTI delivered the opinion of the court:

When Claude Don Green died he had on deposit with the Retirement Board of the Municipal Employees Annuity and Benefit Fund of Chicago (Fund) approximately $13,200. Under the provisions of the Illinois Pension Code (Ill. Rev. Stat. 1979, ch. 108½, par. 8—171), that money would be paid to the widow in the form of an annuity in the amount of approximately $134 per month or, absent a widow, the entire amount would be paid in a lump sum to the heirs. The plaintiffs, Steven and Lynne Green, are the children of Claude Don Green. In this action, they contend that the Fund is about to distribute to money to Rosetta Green because Rosetta Green claims that she is the widow. They claim that Rosetta Green, who is not their mother, was never legally married to Claude Don Green or if in fact she was married to him that they were divorced prior to his death. The plaintiffs brought this action to enjoin the distribution to Rosetta Green and to have the court enter judgment declaring that they are entitled to the monies on deposit.

The Fund was served and the executive director of the Fund was present at the hearing on the temporary injunction, although he did not file an appearance personally or on behalf of the Fund. By the agreement of the parties present including the Fund's executive director, the Fund was temporarily enjoined from distributing the deposits. Subsequently, the plaintiffs and Rosetta Green signed a consent agreement and without notice to the Fund the court entered judgment on the agreement. The judgment directed the Fund to distribute one-half of the money to the plaintiffs and one-half to Rosetta Green.

On March 10, 1981, the 29th day after entry of the judgment, the Fund filed an appearance and a motion to vacate or modify the judgment. The motion alleged that the terms of the judgment violated section 8—171 of the Illinois Pension Code (Ill. Rev. Stat. 1979, ch. 108½, par. 8—171). Two exhibits were attached to the motion. One was a copy of the membership record filed with the Fund by Claude Green listing Rosetta Green as his wife and Steven and Lynne Green as the "children of his blood." The other exhibit was a copy of the marriage license of Claude Green and Rosetta K. Johnson, dated August 30, 1948. The circuit court refused to vacate or modify the judgment, and the Fund appeals from the denial of this motion.

The two issues presented on appeal are whether the plaintiffs and Rosetta Green may enter into an agreement that binds the Fund and whether the court in its discretion should have vacated the judgment upon a motion made within 30 days.

■■ In response to the first issue, we do not believe that the plaintiffs and Rosetta Green through a consent judgment to which the Fund was not a

party could legally bind the Fund to act in a certain fashion. The Fund is under a statutory duty to protect the deposits and to pay them out in benefits only in the manner designated by the legislature. (*Stiles v. Board of Trustees* (1917), 281 Ill. 636, 118 N.E. 202; *Gordan v. Board of Trustees* (1966), 77 Ill. App. 2d 234, 222 N.E.2d 28; *Esner v. Board of Trustees* (1979), 68 Ill. App. 3d 541, 386 N.E.2d 288.) The duty to protect the deposits cannot be preempted by the agreement of the parties. The Fund is not merely a stakeholder, it is charged with a specific responsibility. Concomitant with the Fund's duty is the right to participate fully in the trial court's proceedings. The necessity of the Fund's participation in the proceedings in the trial court is particularly compelling under the instant facts. By their agreement, the plaintiffs and Rosetta Green have bound the Fund to disburse money in a lump sum which, if Rosetta Green is not in fact the widow, is in direct derogation of section 8—171 of the Illinois Pension Code.

■■ Our response to the second issue involves a consideration of section 50(5) of the Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 50(5).) This section directs the trial court in its discretion to set aside any final judgment upon "any terms and conditions that shall be reasonable" on a motion filed within 30 days after entry of the judgment. The overriding consideration under this section is whether or not substantial justice is being done between the litigants and whether it is reasonable under the circumstances to compel the parties to go to trial on the merits. (*People ex rel. Reid v. Adkins* (1971), 48 Ill. 2d 402, 270 N.E.2d 841; *Ruggiero v. Attore* (1977), 51 Ill. App. 3d 139, 366 N.E.2d 470; *Difanis v. Martin-Trigona* (1979), 73 Ill. App. 3d 352, 391 N.E.2d 1067.) This section should be liberally applied. (*Randol v. Musselman* (1976), 36 Ill. App. 3d 515, 344 N.E.2d 273; *Columbus Savings & Loan Association v. Century Title Co.* (1977), 45 Ill. App. 3d 550, 359 N.E.2d 1151.) A court, in liberally applying the concept of substantial justice, can consider the conduct of the moving party and weigh the possibility of hardship to the opposing parties. *Keafer v. McClelland* (1974), 23 Ill. App. 3d 1035, 321 N.E.2d 136; *Eden v. Eden* (1975), 34 Ill. App. 3d 382, 340 N.E.2d 141.

● 3 Under the instant facts, we believe that substantial justice required the court to vacate the consent judgment. The Fund showed its interest in the proceedings by having the executive director of the Fund participate in the initial hearing and join in stipulating to the temporary injunction. The Fund did not receive notice that the plaintiffs and Rosetta Green were presenting their agreement to the court to have judgment rendered. There is no evidence in the record that either party to the agreement changed position in reliance on the agreement between the time the order was entered and the time the motion to vacate was filed. (*Brown v.*

*Drovers National Bank* (1977), 54 Ill. App. 3d 593, 370 N.E.2d 30.) Also, the Fund's claims merited the attention of the court. *Nixon v. Harris* (1975), 31 Ill. App. 3d 204, 333 N.E.2d 667.

For the above reasons, the decision of the trial court should be reversed and remanded.

Reversed and remanded.

ROMITI, J., concurs.

JOHNSON, P. J., dissenting:

I respectfully dissent and would base my reversal on general rule of law favoring compromise.

The Fund claims that it received no notice of the consent decree. However, it was served, although it did not answer, and its executive director appeared at the hearing on the temporary injunction. At the hearing on the motion to vacate, the trial court stated:

> "THE COURT: The Board didn't care. The Board was holding, what, $12,000, $13,000? And the parties were contesting this, the children of this fellow and the woman that he was living with, right, and the Board had the money. They didn't care who they gave it to, as long as the Board was protected."

The parties Steven and Lynne Green and Rosetta K. Green should not be required by the Fund to litigate the issue of whether Rosetta Green was the widow of Claude Don Green if they chose to settle. Adults having an interest in litigation have a personal right to negotiate and settle. (*Ham v. Marshall* (1964), 46 Ill. App. 2d 92, 94, 196 N.E.2d 377, 379.) Settlements are favored by the courts as a means of discouraging litigation. And family settlements are especially favored on grounds of public policy upholding the honor and peace of families. (*Ham v. Marshall* (1964), 46 Ill. App. 2d 92, 96.) Our supreme court stated:

> "Courts of equity favor the settlement of disputes among members of a family by agreement rather than by resort to law, and the validity of such contracts has been repeatedly recognized by this court." *Stipanowich v. Sleeth* (1932), 349 Ill. 98, 103, 181 N.E. 632, 634.

Therefore, I would affirm the decision of the circuit court of Cook County.