KEVIN HOLMES, Plaintiff-Appellant, v. THE ILLINOIS MUNICIPAL RE-
TIREMENT FUND *et al.*, Defendants-Appellees.

Second District   No. 2—88—1162

Opinion filed June 23, 1989.

Leonard J. Wojtecki, of Truemper, Hollingsworth & Wojtecki, of Aurora, for appellant.

Kathleen O'Brien, of Illinois Municipal Retirement Fund, of Chicago, for appellees.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiff, Kevin Holmes, is a police officer for the City of Aurora, an Illinois municipality of over 5,000 inhabitants. The board of trustees of the Aurora police pension fund denied plaintiff's application for membership to the fund, allegedly on the ground that plaintiff had diabetes. Thereafter plaintiff filed an application to participate in the Illinois Municipal Retirement Fund (IMRF). The IMRF board of trustees denied the application on the ground that those who perform police duties were excluded from the fund. Plaintiff filed a complaint for administrative review of the board's decision. The circuit court denied the request to reverse the board's decision, and plaintiff's appeal followed. We affirm.

The only material issue is an interpretation of law: whether a policeman denied the right to participate in the policemen's pension

fund is allowed to participate in the IMRF. Article 7 of the Illinois Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 7—101 *et seq.*) covers all employees of all Illinois municipalities unless they are specifically excluded by some provision of article 7. (Ill. Rev. Stat. 1987, ch. 108½, par. 7—137.) The principal exclusions are found in section 7—109 (Ill. Rev. Stat. 1987, ch. 108½, par. 7—109), which contains the definition of eligible employees. Section 7—109(2)(b) reads:

"(2) 'Employee' does not include persons who:

\* \* \*

(b) Are designed [*sic*] by the governing body of a municipality in which a pension fund is required by law to be established for policemen or firemen respectively, as performing *police or fire protection duties*, except, that when such persons are the heads of the police or fire department and are not eligible to be included within any such pension fund, they shall be included within this Article; provided, that such persons shall not be excluded to the extent of concurrent service and earnings not designated as being for police or fire protection duties." Ill. Rev. Stat. 1987, ch. 108½, par. 7—109(2)(b).

Both plaintiff and defendants urge this court to use the ordinary and plain meaning of the words of the statute.

Plaintiff argues that the statute should be interpreted as stating that only those policemen who are participating in their own pension plan are excluded from the provisions of the IMRF. Plaintiff relies on the words " '[e]mployee' does not include persons who: \* \* \* [a]re *designed* [*sic*] *by* the governing body of the municipality in which a pension fund is required by law to be established for policemen." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 108½, par. 7—109(2)(b).) Since the plaintiff was not "designed" to be part of the policemen's pension plan on account of his diabetes, he argues that he is not within the exception. Plaintiff states that the reason for the exclusion is that when the IMRF was established, there was already a retirement fund for police officers, and there was no need to have officers who are already contributing to one fund contribute to another. Plaintiff argues, since he is not already contributing to a police officers' fund, he should not be excluded from the IMRF.

It is true that the exclusion does not read "all policemen are excluded." Nor does the exclusion read "all policemen already covered by a plan are excluded." Proper parsing of the statute puts the emphasis of the sentence on the subjective complement "as performing police duties," not on the adverbial phrase of who designates. Plaintiff omits the subjective complement which is necessary for compre-

hension of the sentence. The meaning of the sentence becomes apparent as each clause of the sentence is considered. The statute is attempting to differentiate between those municipalities which are required to maintain separate funds for their police force, *i.e.*, those municipalities with more than 5,000 inhabitants (large), and those not required to maintain a separate fund, *i.e.*, those with less than 5,000 inhabitants (small). Article 3 of the Pension Code (Ill. Rev. Stat. 1987, ch. 108½, par. 3—101 *et seq.*) imposes the duty on each large municipality to establish a separate fund for its police force. (Ill. Rev. Stat. 1987, ch. 108½, pars. 3—101, 3—103.) Small municipalities do not have a duty to establish a separate fund for policemen and therefore include their policemen in the State's general-employee IMRF fund established under article 7 of the Pension Code. Stripped of excess verbiage, we read section 7—109(2)(b) as follows: " 'Employee' does not include persons who: *** (b) [a]re [designated by an article 3 municipality] as performing police or fire protection duties." Ill. Rev. Stat. 1987, ch. 108½, par. 7—109(2)(b).

Rather than just excluding those who perform police duties, section 7—109(2)(b) is worded so that the governing body of a large municipality decides who performs police duties and thus is covered by an article 3 plan, and who does not perform police duties and is not excluded from the article 7 plan coverage of the IMRF. Small municipalities make no such decision regarding the designation and are spared the expense of administering different funds. Thus, the question in this cause becomes whether the plaintiff was designated by his municipality as performing police duties.

The City of Aurora has over 5,000 inhabitants; hence, article 3 applies to this situation. Section 3—106 of article 3 of the Code (Police Pension Fund) (Ill. Rev. Stat. 1987, ch. 108½, par. 3—106) defines a "police officer" as follows:

> "Any person who (1) is appointed to the police force of a police department and sworn and commissioned to perform police duties; (2) is found upon examination of a duly licensed physician or physicians selected by the board to be physically and mentally fit to perform the duties of a police officer; and (3) within 3 months after receiving his or her first appointment, and if reappointed, within 3 months thereafter, makes written application to the board to come under the provisions of this Article."

"Performing police duties" is only one requirement of the definition. "Fit to perform duties" is another requirement. The board of trustees of the Aurora police pension fund denied plaintiff entry

into the pension fund because he had diabetes. Under Illinois law, a policeman or fireman can perform police or fire protection duties but still be declared unfit to perform police or fire protection duties for police pension purposes if he has some condition which renders him more prone to disability. See *Esner v. Board of Trustees* (1979), 68 Ill. App. 3d 541, 545; see also *Sanders v. Board of Trustees* (1983), 112 Ill. App. 3d 1087, 1091; *Gordan v. Board of Trustees* (1966), 77 Ill. App. 2d 234.

However, based on the wording of the articles, the fact that the board of trustees of the Aurora police pension fund did not designate plaintiff as an officer qualifying under section 3—106 does not mean that he was not designated to perform police duties. The terms are not mutually exclusive. Performing police duties is only one of the requirements for qualification under the police pension plan. For example, those persons who do not perform police duties but instead perform clerical duties for police departments are excluded from article 3. (Ill. Rev. Stat. 1987, ch. 108½, par. 3—109.) Since those persons do not perform police duties, they would not be excluded from article 7 coverage. Plaintiff, however, does perform police duties and finds himself not *ex*cluded from article 3, but not *in*cluded as a covered police officer under section 3—106. Section 7—109(b)(2) excludes, with one exception, those who perform police duties, not those who contribute to police pension plans. The sole exception to the exclusion we have discussed relates to police and fire heads and is not germane here.

■ The Illinois General Assembly provided for only one exception to the exclusion, and plaintiff does not fit within the exception. Plaintiff has fallen through a crack in the general statutory pension scheme created by the State. Whether the State should "fill this crack" is not within our purview.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

REINHARD and NASH, JJ., concur.