(No. 19841.

JOHN C. ANDERSON *et al.* Admrs., Appellants, *vs.* CHARLES E. ANDERSON *et al.* Appellees.

*Opinion filed February 21, 1930.*

JOHN G. FRIEDMEYER, and VAUGHN & NEVINS, for appellants.

JESSE PEEBLES, (DON M. PEEBLES, of counsel,) for appellees.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

The circuit court of Macoupin county, upon an appeal from the county court of the same county, confirmed an administrators' sale of land which had theretofore been disapproved by the county court. The administrators prosecute this appeal from the circuit court's decree.

John C. Anderson and Thomas E. Anderson, as administrators of the estate of James T. Anderson, deceased, filed their petition in the county court of Macoupin county representing that the personal assets of the estate were insufficient to pay the claims against it and seeking a decree authorizing them to sell an eighty-acre tract of land, a part of the estate, to provide funds to discharge the deficit. The decree was rendered and a sale, subject to the court's approval, followed. George F. Jordan bid $57 per acre for the land and was the highest and hence the successful bidder. As an evidence of good faith he deposited with the administrators $456 or ten per cent of his bid as required by the decree. The administrators, in their report of the sale, stated that the land was worth more than Jordan had bid for it, and that, if another sale were ordered, an offer of $60 per acre for the entire tract would be made. The disapproval of the sale to Jordan was recommended by the administrators and they asked the court to order a re-sale of the land. This request was supported by the heirs of the decedent and it was opposed by Jordan. Upon a hearing, the county court found that the land was worth approximately $100 per acre; that Jordan's bid was less than two-thirds of the value of the land and was therefore inadequate; that a prospective purchaser stood ready, at a re-sale, to offer at least $60 per acre; that the widow of the decedent had not assented to the sale of her interest in the land but that she would do so if another sale were ordered and that she would, in addition, make a conveyance of her interest to the purchaser at such sale in order

that the value of the land might be realized. Pursuant to its findings, the county court entered an order disapproving the report of sale, setting the sale aside and directing the administrators to make a second sale of the land at public vendue. Upon the approval of the report of sale and the payment of the purchase price, the administrators and the widow were directed, by the same order, to deliver their respective deeds to the purchaser. From this order Jordan prosecuted an appeal to the circuit court of Macoupin county. The administrators made a motion in that court to dismiss the appeal but the motion was denied. Upon the hearing in the circuit court it was stipulated, among other things, that the proceedings in the county court had been regular in all respects; that no fraud or collusion characterized the administrators' sale and that since the sale was made a tract of land similar in quality and in the same vicinity as the land in question had been sold at $90 per acre. The circuit court reversed the order of the county court; confirmed the sale to Jordan and directed the administrators to deliver their deed to him upon the payment of the purchase price.

A preliminary question, not raised by either party, presents itself at the threshold of our inquiry. A freehold is involved in a proceeding of this character (*Bondurant* v. *Bondurant*, 251 Ill. 324). The appeal from the county court, for that reason, should have been prosecuted to this court and not to the circuit court (Practice act, sec. 118; *Lynn* v. *Lynn*, 160 Ill. 307). The parties conferred jurisdiction of their persons upon the respective courts to which the successive appeals were taken. This court's jurisdiction of the subject matter of a controversy, assuming that it has such jurisdiction, is not affected by the mode in which a case is brought to it. Possessing jurisdiction both of the persons and of the subject matter, this court does not act without jurisdiction of the latter merely because a case comes to it by successive appeals instead of a direct ap-

peal. (*People* v. *May*, 276 Ill. 332; *Lynn* v. *Lynn, supra*). The instant appeal must therefore be entertained.

The remaining question to be determined is whether, in view of the facts shown, Jordan is entitled to a confirmation of the administrators' sale or whether the second sale ordered by the county court was authorized. Section 110 of the act in regard to the administration of estates (Cahill's Stat. 1927, p. 66; Smith's Stat. 1927, p. 88) provides that the executor or administrator making a sale of real estate to pay the decedent's debts shall file a complete report of the sale and that "any person interested in the premises sold, and any creditor of the estate, may file exceptions to such report, and upon the hearing thereof the court may approve such report and confirm the sale, or disapprove the same and order the premises to be re-sold." The highest bidder whose bid has been reported to the court acquires no interest in or right to the land, but his bid is regarded as a mere offer to purchase. The sale is not complete and is not binding until it has been confirmed by the court which ordered it. (*Miller* v. *Miller*, 332 Ill. 177; *Worden* v. *Rayburn*, 313 id. 495; *Redmond* v. *Cass*, 226 id. 120; *Jennings* v. *Dunphy*, 174 id. 86; *Hart* v. *Burch*, 130 id. 426). The court may exercise its discretion in approving or disapproving the sale, and that discretion, unless abused, will not be disturbed by a court of review. *Compton* v. *McCaffree*, 220 Ill. 137; *Miller* v. *Miller, supra; Worden* v. *Rayburn, supra.*

The sale, in the instant case, as the statute required, was ordered to be made subject to the court's approval. The administrators' report disclosed that a confirmation of the sale would result in a substantial loss to the estate, and they recommended the disapproval of the sale. The heirs joined in this recommendation. Since the bid was made subject to the court's approval, the bidder could acquire no rights in the land until the sale was confirmed. The facts adduced show that the county court properly exercised its

discretion in disapproving the report and ordering a re-sale of the land.

The decree of the circuit court is reversed, and the order of the county court is affirmed.

*Decree of the circuit court reversed.*
*Order of the county court affirmed.*