ALLAN BACHEWICZ *et al.*, d/b/a B&B Investment Company, Plaintiffs-Appellees, v. AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Trustee, *et al.*, Defendants (Richard Erlich, Garnishee Defendant-Appellant).

First District (4th Division)   No. 84—1098

Opinion filed July 18, 1985.

Aaron Spivack, of Chicago, for appellant.

Sidley & Austin, of Chicago (Frederic J. Artwick and Susan R. Weinberg, of counsel), for appellees.

JUSTICE LINN delivered the opinion of the court:
Defendant garnishee appeals from two interlocutory orders entered by the trial court and otherwise final as to fewer than all of the

parties. Only one order contained the express written finding required by Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)). Defendant contends on appeal that the special finding contained on this subsequent order, assessing against him attorney fees and costs as a condition for vacating a default judgment, also applies to a prior order denying defendant's motion to dismiss plaintiff's motion to set garnishment hearings.

We dismiss the appeal as to that order denying defendant's motion to dismiss, affirm that order assessing against defendant attorney fees and costs, vacate that order entered by this court staying the garnishment proceedings pending below, and remand for a continuation of the garnishment proceedings.

BACKGROUND

Plaintiffs, B&B Investment Company and its individual partners (B&B), recovered a judgment against defendant Statesman Limited Partnership (Statesman) in an underlying breach-of-contract action. The judgment was partially satisfied by garnishment of the assets held by Statesman. Plaintiffs further sought to satisfy its judgment by instituting garnishment proceedings against the Statesman's limited partners for the capital contributions and distributions which were paid to them. Plaintiffs alleged that these payments were actually assets of Statesman held by the six garnishee-defendants, including Richard Erlich, which should be returned in order to satisfy the partnership's debt. All six garnishee defendants have denied being in possession of any assets of Statesman, and plaintiffs have demanded a hearing on the issue, pursuant to Code of Civil Procedure section 12—711. (Ill. Rev. Stat. 1983, ch. 110, par. 12—711.) A bench trial of the garnishment issues, contesting the sufficiency of the garnishees' answers, was set as to five of the garnishee defendants, none of whom take part in the instant appeal.

The sixth garnishee defendant, appellant Erlich, moved to dismiss plaintiffs' motion for a section 12—711 hearing. That motion was denied by the trial court in an order entered November 17, 1983, an order that contained no express written finding, as required by Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)) such as to render the order final and appealable.

Defendant Erlich requested a jury trial on the garnishment issues, and such trial was scheduled for March 26, 1984. Neither defendant nor his counsel appeared at the March 26 hearing. Plaintiffs presented their case to the jury, a verdict and default judgment was entered against Erlich, and the bench trial was continued as to the

other garnishee defendants represented by counsel.

Defendant Erlich moved to vacate the default judgment. In response to his motion, plaintiffs moved for attorney fees and costs incurred in preparing and trying their case to the jury. In an order entered by the trial court on May 2, 1984, defendant's motion to vacate the default judgment was granted, and the garnishment action against him was set for trial on May 7, 1984. In that same order, the court granted plaintiffs' motion for attorney fees and costs in the amount of $1,872.75, as a condition to the vacation of the default judgment. The May 2, 1984, order contained the express written finding required by Supreme Court Rule 304(a) that "there is no just reason for delaying enforcement or appeal of the judgment for fees/costs."

On May 3, 1984, defendant Erlich filed a notice of appeal, praying only for reversal of the May 2, 1984, order. On May 14, 1984, Erlich filed an amended notice of appeal, appealing from not only the order entered May 2, but also from those orders entered on November 17, 1983 (denying his motion to dismiss plaintiffs' motion for a section 12—711 hearing), and on March 26, 1984 (the default judgment entered against Erlich that was subsequently vacated).

Also on May 14, 1984, the trial court entered an order modifying the May 2 order to the extent that "the court vacates that portion of the [May 2] order which makes said order final and appealable." This order was entered some 11 days after defendant had filed his original notice of appeal.

Defendant Erlich now appeals from (1) the November 17, 1983, order, denying his motion to dismiss plaintiffs' motion for a 12—711 garnishment hearing, and (2) that portion of the May 2 order assessing against him attorney fees and costs as a condition for the vacation of the default judgment.

OPINION

The issue before us is whether either of the orders here appealed from, that of November 17, 1983, and of May 2, 1984, are final and appealable such as to give this reviewing court jurisdiction to hear these matters. Defendant, both in his brief and in open court, has conceded that the order entered by the trial court on November 17, 1983, is not in and of itself final and appealable because it did not dispose of the entire cause as to either all of the parties or all of the claims nor did it contain the express written finding required by Supreme Court Rule 304(a) that "there is no just reason for delaying enforcement or appeal." 73 Ill. 2d R. 304(a).

Defendant, in asserting that the November 17 order is final and appealable, relies not on the November 17 order itself but rather on the express certifying language set forth in the May 2 order, in which the court found that "[t]here is no just reason to delay enforcement or appeal of the judgment for fees/costs." Despite the explicit limitation of this express finding as applicable only to the award of attorney fees and costs, defendant contends that this language similarly renders final and appealable the November 17 order, which itself contained no such finding.

Plaintiffs, on the other hand, maintain that neither of the interlocutory orders from which defendant appeals are final and appealable. They agree with defendant's admission as to the nonfinality of the November 17 order, noting that it was final as to fewer than all of the parties and claims and did not contain the Rule 304(a) express finding. In addition, they assert that the express finding contained in the May 2 order, from which defendant also appeals, was vacated by the subsequent entry of the May 14 order, in which the court explicitly modified and vacated that portion of the May 2 order rendering it final and appealable. Thus, plaintiffs' position is that neither of the orders are final and appealable; and, alternatively, should the May 2 order for attorney fees and costs be found by this court to be final and appealable, then the assessment of such against defendant as a condition of vacating the default judgment was entirely proper.

Having thus set forth the parties' respective positions, we shall now attempt to untangle this seeming morass of orders and assertions to bring some regularity to the present procedural posture and future proceedings of the instant cause.

THE MAY 14, 1984, ORDER

■ Initially, we note that the May 14 order, which vacated the Rule 304(a) express written finding contained in the May 2 order such as to effectively render the May 2 order unappealable, was entered by the trial court some 11 days after defendant had filed his notice of appeal. Defendant contends that the May 14 order, because it was entered after the notice of appeal had been filed, is a nullity and that it therefore had no effect on the appealability of the May 2 order. We find that defendant is correct in this contention.

The proper filing of a notice of appeal causes the jurisdiction of the appellate court to attach and deprives the trial court of jurisdiction to modify its judgment or to rule on matters of substance which are the subject of appeal. (*Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 423 N.E.2d 1170.) Once an appeal has been duly

filed in the appellate court by filing a notice of appeal, the trial court is restrained from entering any order which would change or modify the judgment or its scope, *and from entering any order which would have the effect of interfering with the review of the judgment.* (*Dunn v. Dunn* (1979), 71 Ill. App. 3d 649, 390 N.E.2d 136.) When the notice of appeal is filed, the jurisdiction of the appellate court attaches *instanter*, and the circuit court is thereupon deprived of jurisdiction. *Powers v. National Mirror Works* (1977), 52 Ill. App. 3d 592, 367 N.E.2d 763.

In the instant case, a money judgment for attorney fees and costs was entered against defendant Erlich. Defendant duly filed his notice of appeal from the order setting forth that judgment on May 3, 1984. Upon the filing of that notice, the jurisdiction of the appellate court attached, and the trial court was deprived of jurisdiction to enter any order which had the effect of interfering with the review of that judgment.

On May 14, the trial court, despite its divestiture of jurisdiction, entered an order effectively rendering the order entered by it on May 2 unappealable. Such order clearly had the effect of interfering with this court's review of the May 2 judgment. In light of defendant's having duly filed his notice of appeal prior to the entry of this order and in consideration of the effect of this order on the judgment from which defendant appealed, the trial court's act in entering the May 14 order was without jurisdiction, and that order is a nullity. *Ragan v. Fourco Glass Co.* (1977), 47 Ill. App. 3d 1, 361 N.E.2d 707.

For these reasons, the May 14 order is void and has no effect. Consequently, that language on the May 2 order which the May 14 order attempted to vacate, namely, the express finding required by Supreme Court Rule 304(a) to render an interlocutory order final and appealable, remains in full force and effect.

THE NOVEMBER 17, 1983, ORDER

■ Defendant relies on the express finding contained in the May 2 order to render the November 17 order final and appealable. Exactly how the certifying language contained in the May 2 order relates back to render the November 17 order final and appealable, defendant does not make clear.

What is clear, however, is that the express finding of the May 2 order explicitly and in plain language states that "[t]here is no just reason to delay enforcement or appeal of the judgment *for fees/costs.*" The trial court evidently intended to limit and successfully limited the express written finding on the May 2 order to the appeal of the judg-

ment for attorney fees and costs. There is no basis on which to predicate the finding that this latter order renders final and appealable the November 17 order, which does not deal with fees and costs, is final to fewer than all of the parties or claims, and contains no express finding.

For the above reasons, the November 17, 1983, order, denying defendant's motion to dismiss plaintiffs' motion for a section 12—711 hearing, is not final and appealable, and consequently, this court is without jurisdiction to review it.

THE MAY 2, 1984, ORDER

■ The May 2 order entered by the trial court vacated the default judgment entered against defendant Erlich on March 27, 1984; and, assessed against defendant Erlich attorney fees and costs as a condition of that vacation. Defendant appeals only from that portion of the order assessing fees and costs against him.

Because the May 2 order was an otherwise final judgment as to one or more but fewer than all of the parties; because it contained an express written finding that there is no just reason for delaying enforcement or appeal; and, in light of the fact that the May 14 order that would have effectively vacated that certifying language is a nullity with no effect, the order entered by the trial court on May 2, 1984, is final and appealable, and the review thereof is therefore properly within the jurisdiction of this appellate court.

Defendant Erlich failed to appear in court on the date set for his jury trial. Pursuant to Code of Civil Procedure section 2—1301(d) (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(d)), a jury was empaneled, plaintiffs presented their case, a verdict against defendant was returned, and a default judgment was entered in favor of plaintiffs. Defendant later appeared and moved to vacate the default judgment. The motion to vacate was entered and continued to May 2, 1984, for a hearing on plaintiffs' costs and attorney fees incurred in connection with the jury trial at which Erlich failed to appear.

Prior to this hearing, plaintiffs moved for attorney fees and costs, citing Code of Civil Procedure section 2—1301(e) (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(e)), which provides as follows:

"The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."

In its order entered May 2, the court granted plaintiffs' motion for attorney fees and costs in the amount of $1,872.75 and granted

defendant's motion to vacate the default judgment.

On appeal, defendant argues that the phrase "terms and conditions that shall be reasonable" contained in section 2—1301(e), as cited above (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(e)) does not allow the trial court to condition vacation of a default judgment on payment of attorney fees and costs absent some other provision. Plaintiffs, however, maintain that the award of costs and attorney fees incurred in the trial as a condition of vacating the default was within the court's discretion pursuant to section 2—1301(e). Plaintiffs' reading of section 2—1301(e) finds support in the applicable law.

In the "Historical and Practice Notes" to section 2—1301(e) (Ill. Ann. Stat., ch. 110, par. 2—1301(e), Historical and Practice Notes, at 402 (Smith-Hurd 1983)), it is noted that the language of that section suggests that a trial court "might well set aside a default judgment and yet impose sanctions such as payment of costs and expenses upon the party who failed to appear or upon his attorney."

In *Ryan v. Monson* (1964), 47 Ill. App. 2d 220, 231, 197 N.E.2d 265, the trial court was instructed by the appellate court to take just such action. In reversing the trial court's denial of defendant's petition to vacate a default judgment, the reviewing court in *Ryan* stated as follows:

> "While we realize the problems besetting a conscientious and industrious trial judge in his desire to dispose of cases, nevertheless, we feel that had the trial judge vacated the ex parte judgment upon condition that the defendant compensate the plaintiff's attorney for his time and services, and for expenses incident to the attendance of plaintiff's witnesses, the ends of justice would have been more readily achieved."

The court ordered that, upon remand, compensation for plaintiff's attorney's time and services, together with expenses incident to the attendance of plaintiff's witnesses, be assessed against defendant and that the case then proceed to trial.

A similar conditioning of the vacation of a default judgment was ordered in *McLaughlin v. McLaughlin* (1967), 83 Ill. App. 2d 160, 226 N.E.2d 406, in which the court, citing *Ryan v. Monson* (1964), 47 Ill. App. 2d 220, 197 N.E.2d 265, noted that the only hardship resulting from the vacation of a default judgment would have been the inconvenience and expense resulting to plaintiff from his attendance and that of his attorney and witnesses at trial. The reviewing court further noted that such hardship could have been avoided if the trial court had provided for such inconvenience and expense "as being appropriate and reasonable terms for the vacation of the judgments."

(83 Ill. App. 2d 160, 164, 226 N.E.2d 406.) The reviewing court reversed and remanded with directions to do so.

Applying these principles to the instant case, we find that that portion of the May 2 order entered by the trial court assessing against defendant attorney fees and costs as a condition for the vacation of the default judgment was a proper exercise of the court's discretion and within the scope of the authority granted it under Code of Civil Procedure section 2—1301(e). (Ill. Rev. Stat. 1983, ch. 110, par. 2—1301(e).) For this reason, we affirm the May 2, 1984, order.

In summary, our disposition of the instant cause is as follows: we (1) dismiss the appeal as to the November 17, 1983, order; (2) affirm the May 2, 1984, order for attorney fees and costs in the amount of $1,872.75; (3) vacate the order entered by this court staying the garnishment proceedings below pending this appeal; and (4) remand for a continuation of the garnishment proceedings.

We note that nothing in the disposition rendered here today speaks to the merits of or limits the arguments which may be made by defendant in his behalf at the continuation of the garnishment hearings. However, we are constrained to comment upon the issue of the extent of Erlich's due process right to contest the necessity of returning the funds he received in order to satisfy the limited partnership's debt to plaintiffs. Few authorities have addressed the extent of a limited partner's right to contest the factual basis for the underlying judgment, and there is not a clear consensus regarding this issue. (See *Whitley v. Klauber* (1980), 51 N.Y.2d 555, 416 N.E.2d 569.) Due to our holding in this appeal, we do not now resolve this issue, but we do note the due process implications which may be involved in the further proceedings below.

Dismissed in part, affirmed in part, vacated in part, and remanded for further proceedings.

JIGANTI, P.J., and JOHNSON, J., concur.