(No. 64344.—

DOLORES WEINGART *et al.*, Appellees, v. THE DE-
PARTMENT OF LABOR *et al.*, Appellants.

*Opinion filed March 23, 1988.*

2

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Rita M. Novak, Assistant Attorney General, of Chicago, of counsel), for appellants.

Louis P. Svendsen, of Chicago, for appellees.

CHIEF JUSTICE MORAN delivered the opinion of the court:

In separate actions, Dolores Weingart and Janice Corbett (plaintiffs) filed in the circuit court of Cook County actions for judicial review of decisions of the board of review (board) of the Illinois Department of Labor (Department). In each case, the board had found that the plaintiffs had received back pay in the form of a settlement. The settlement payment was made to plaintiffs by their former employer in order to terminate an action before the National Labor Relations Board (NLRB) based on a complaint filed by plaintiffs' union representatives. The board concluded that because of the back-pay award, plaintiffs were retroactively ineligible for unemployment benefits already received during those weeks to which the back-pay awards were applicable, and that those unemployment benefits were subject to recoupment. The circuit court heard the two actions together and affirmed the decisions of the board. The actions were consolidated on appeal. The appellate court reversed. (147 Ill. App. 3d 1076.) We allowed defendant's petition for leave to appeal under Rule 315 (107 Ill. 2d R. 315).

The questions presented for review are: (1) Do the time limitations of section 703 of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1981, ch. 48, par. 453)

restrict the time in which the Department may make a determination under section 900(D) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 490(D)) as to whether, by reason of a back-pay award, an individual has received back pay or wages for weeks with respect to which she has already received unemployment compensation benefits? (2) If the time limitations of section 703 apply, is the applicable time limitation the general one-year limit or the extended two-year limit which applies if the claimant misstated her earnings? (3) Did the circuit court have jurisdiction to entertain an action in administrative review which was filed after the expiration of the 35-day limitation period (Ill. Rev. Stat. 1985, ch. 110, par. 3— 103)? (4) Did the board err in finding the settlement payments received by plaintiffs from their former employer to be back pay? (5) Were plaintiffs deprived of due process in the proceedings before the Department?

Plaintiffs were both employees of Advo-Systems, Inc., until August 21, 1980. At that time, Advo-Systems closed its Illinois operations, leaving plaintiffs and other employees jobless.

Plaintiffs promptly applied for and received unemployment compensation benefits. Weingart received benefits of $116 per week from August 24, 1980, through June 27, 1981, totalling $4,408. Corbett received benefits of $162 per week from August 22, 1980, through May 2, 1981, totalling $5,832.

The Advo-System plant closed shortly after the employees elected to have a union act as their collective-bargaining agent. The ex-employees' union representatives filed a complaint before the NLRB against Advo-Systems. A year and a half after Advo-System's plant closing, the company entered into an out-of-court settlement to end the pending NLRB litigation. Pursuant to that settlement, Weingart received a payment of $8,140 in two installments, the first on January 20,

1982, and the second on February 16, 1982. Corbett received a settlement payment in the amount of $8,140 on January 20, 1982.

On March 31, 1982, Advo-Systems wrote a letter to the division of unemployment insurance of the Department alleging that it had been ordered to make back-pay awards to its former employees, including plaintiffs, for the period of August 30, 1980, through June 1, 1981. The letter, received by the Department April 7, 1982, stated that these employees had also collected unemployment compensation benefits.

On September 17, 1982, over 5 months after the Department had received Advo-System's letter and 15 months after plaintiff Weingart had received her last unemployment benefit check, a Department claims adjudicator issued to plaintiff Weingart a notice of reconsidered determination and recoupment decision. The notice informed her that she had been found retroactively ineligible to receive benefits from August 24, 1980, to June 27, 1981, and that $4,408 in benefits were subject to recoupment because she had received a back-pay award. It is unclear why the claims adjudicator determined that the alleged back-pay award ran through June 27, 1981, when the Advo-Systems letter indicated the payment was for a period ending June 1, 1981. Plaintiff Weingart timely appealed to a referee. After a hearing, the referee upheld the claims adjudicator's determination. Plaintiff Weingart next appealed to the board of review, which, without taking further evidence, affirmed the referee's decision on March 30, 1983. The board's decision was not received by plaintiff Weingart until July 12 or 13, 1983. Thereafter, she wrote to the board protesting the late notice and seeking a further appeal, but received no response. It was not until September 30, 1983, that she finally filed a complaint in the circuit court of Cook

County seeking administrative review of the board's decision.

Plaintiff Corbett's case took a similar course. On April 12, 1983—over one year after the Department received Advo-System's letter and over 23 months after plaintiff Corbett received her last unemployment benefit check—a Department claims adjudicator sent Corbett a notice of reconsidered determination and recoupment finding her ineligible for benefits from August 30, 1980, to May 2, 1981, because of the purported back-pay award. The claims adjudicator determined that $5,832 in benefits were subject to recoupment. The claims adjudicator's decision was affirmed on appeal by the referee and, on March 26, 1984, by the board. Plaintiff Corbett sought judicial review in the circuit court of Cook County on April 23, 1984.

The circuit court did not consolidate the plaintiffs' cases, but heard both cases at the same hearing. The circuit court found that the time limitations set forth in section 703 of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 453) did not apply to redeterminations involving back pay under section 900(D) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 490(D)). The circuit court consequently held that the claims adjudicator's redeterminations of plaintiffs' eligibility for benefits were not untimely. The court also held that the board's findings that the settlement payments constituted back pay were not against the manifest weight of the evidence.

On appeal, a majority of the appellate court reversed the circuit court's decision. The appellate court ruled that the one-year limit in section 703 did apply to back-pay recoupment actions taken under section 900(D). Accordingly, the appellate court found that, under section 703, the redetermination of eligibility had to be made within one year after the last day of the week for which the determination was made. The redetermination of eli-

gibility in these cases occurred more than one year after the last day of the benefit period; therefore, the appellate court concluded that the Department's recoupment actions were void and unenforceable. The appellate court also held that because the Department's actions were void, they could be attacked at any time and without regard to the 35-day filing limit for judicial review of administrative decisions. Accordingly, the court found that the circuit court had jurisdiction to hear the complaint of plaintiff Weingart even though it had not been filed within 35 days of her receipt of the Department's decision. Having found the Department's actions void, the appellate court did not address plaintiff's remaining contentions that the settlement payments did not constitute back pay and that plaintiffs were deprived of due process in the proceedings before the Department.

Resolution of the primary issue involved in this case requires an analysis of the construction or scheme of the relevant provisions of the Act. In doing so, our task is to ascertain, and give effect to, the intention of the legislature, and that inquiry appropriately begins with the language of the statute. (*Metropolitan Life Insurance Co. v. Washburn* (1986), 112 Ill. 2d 486, 492.) If the language is clear, the court must give it effect and should not look to extrinsic aids for construction. *In re Marriage of Logston* (1984), 103 Ill. 2d 266, 277.

A basic summary of the relevant provisions of the Act make clear the plan of unemployment compensation established by the legislature. After a claimant files a claim for unemployment benefits (Ill. Rev. Stat. 1981, ch. 48, par. 450), a claims adjudicator first makes a "finding," which is a statement of the amount of wages paid to the individual during each quarter of his base period by each employer (Ill. Rev. Stat. 1981, ch. 48, par. 451). For each week which the claimant claims benefits, the claims adjudicator also makes a "determina-

tion," which is a statement of whether or not the claimant is eligible for such benefits and the sum to be paid the claimant with respect to such week. (Ill. Rev. Stat. 1981, ch. 48, par. 452.) The claims adjudicator's determination of eligibility is based on several conditions of eligibility (Ill. Rev. Stat. 1981, ch. 48, pars. 420, 421) as well as several separate causes of disqualification (*e.g.*, Ill. Rev. Stat. 1981, ch. 48, pars. 431 through 444). Both the finding and determination may be appealed to a referee. (Ill. Rev. Stat. 1981, ch. 48, pars. 452, 470.) If no appeal is taken, however, under section 703 of the Act the claims adjudicator still may reconsider, within a set time, his finding and determination of eligibility or ineligibility. (Ill. Rev. Stat. 1981, ch. 48, par. 453.) Section 703 provides in pertinent part:

"The claims adjudicator may reconsider his finding at any time within thirteen weeks after the close of the benefit year. He may reconsider his determination at any time within one year after the last day of the week for which the determination was made, except that if the issue is whether or not the claimant misstated his earnings for the week, such reconsidered determination may be made at any time within two years after the last day of the week." Ill. Rev. Stat. 1981, ch. 48, par. 453.

The time limitations set forth in section 703 are not meaningless. If the time allowed for appeal and reconsidered determination has passed and there has been no finding of ineligibility, then the Department is prevented from ever declaring the claimant ineligible for any reason (other than fraud under section 900(A)(1)) even if it becomes apparent later that the claimant was ineligible.

In any event, during the pendency of the period to apply for reconsideration of a finding or determination of eligibility, or of the appeal thereof, the claimant will be receiving unemployment benefits. (Ill. Rev. Stat. 1981, ch. 48, par. 456.) Consequently, if the referee sets

aside or modifies the finding or the determination of eligibility, or the claims adjudicator timely reconsiders his determination and declares the claimant ineligible, then the claimant will have received in the interim benefits for which she was ineligible.

Those benefits improperly obtained during the pendency period may be recouped or recovered under section 900 of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 490). Section 900 provides in relevant part:

"A. Whenever an individual has received any sum as benefits for which he is found to have been ineligible, the amount thereof may be recovered by suit in the name of the People of the State of Illinois, or, from benefits payable to him, may be recouped:

\*\*\*

2. Within 3 years from the date he has been found to have been ineligible for any other reason, *pursuant to a reconsidered finding or a reconsidered determination*, or pursuant to the decision of a Referee (or of the Director or his representative under Section 604) which modifies or sets aside a finding or a reconsidered finding or a determination or a reconsidered determination." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 48, par. 490(A)(2).)

The language of section 900(A)(2) makes it clear that there are basically two events which trigger the need to recoup benefits improperly obtained: (1) a claims adjudicator reconsiders a determination of eligibility and finds the claimant to have been ineligible; and (2) an appeal which sets aside a determination of eligibility. Therefore, a reconsidered determination under section 703 is one of the possible preconditions for recoupment under section 900. Thus, it follows that the provisions of section 703 are not only relevant to, but incorporated in, section 900.

The plain and common meaning of the language of section 900 supports that conclusion. Section 703 is the

only section to prescribe the procedure for making a reconsidered finding or determination. The inclusion of the phrase "pursuant to a reconsidered finding or a reconsidered determination" strongly indicates that the terms of section 703 are incorporated into section 900. It would be anomalous for the legislature to allow the Department to recoup benefits based on a subsequent determination of ineligibility without providing a procedure for making that subsequent determination. Section 703 provides the procedure. We conclude that the terms of section 703, including the time limitations set forth therein, are incorporated into section 900.

The Department concedes that the terms and time limitations of section 703 are incorporated into section 900 for reconsidered determinations of eligibility based on such factors as refusal of suitable work (Ill. Rev. Stat. 1981, ch. 48, par. 433), discharge for misconduct (Ill. Rev. Stat. 1981, ch. 48, par. 432), voluntary leaving (Ill. Rev. Stat. 1981, ch. 48, par. 431), and so on. However, the Department contends that recoupment after a reconsidered determination of ineligibility based on the payment of a back-pay award under section 900(D) is a separate and distinct action to which section 703 does not apply.

Section 900(D) provides in relevant part:

"D. Whenever, by reason of a back pay award made by any governmental agency or pursuant to arbitration proceedings, or by reason of a payment of wages wrongfully withheld by an employing unit, an individual has received wages for weeks with respect to which he has received benefits, the amount of such benefits may be recouped or otherwise recovered *as herein provided.*" (Emphasis added.) Ill. Rev. Stat. 1981, ch. 48, par. 490(D). ·

The Department first argues that section 900(D) creates a special category of cases when recoupment is al-

lowed. According to the Department, had the legislature intended to subject recoupment based on back pay to the general requirements found in section 703, it would not have been necessary to create a separate subsection pertaining to back-pay awards. It infers that section 900(D) is complete in and of itself and that reference to other sections of the Act is unnecessary. The Department concludes that by carving out a separate category of determinations by reason of back-pay awards, the legislature intended to treat such determinations differently than the reconsidered determinations encompassed by section 703.

The terms of the Act show that section 900(D) is not a special category of recoupment, complete in and of itself. First, section 900(D) itself states that recoupment or recovery based on back-pay awards shall be conducted *"as herein provided."* That phrase is ample proof that section 900(D) must be read in conjunction with the rest of section 900 (and the terms of section 703 incorporated therein). Were it otherwise, section 900(D) would not provide the procedures for making the prerequisite determinations of ineligibility. For example, it must first be ascertained whether the payment made by a government agency or arbitrator or by an employing unit to the individual constitutes back pay or wages wrongfully withheld or whether it constitutes an entirely different form of compensation. Similarly, it must be established whether any back pay or wages wrongfully withheld but later paid apply to the same weeks for which unemployment benefits were paid. Section 900(D) does not even indicate *who* shall make those determinations.

Nor does section 900(D) provide any mechanism for recoupment or recovery. For example, it does not provide for notice to the parties of any decisions, nor does it provide for any appeal of the decision to recoup based on a back-pay award.

In addition, section 900(A)(2) provides for recoupment for "*any*" reason other than fraud under section 900(A)(1). There is no distinction made on the basis of whether the reason for ineligibility is due to payment of back pay or some other reason. Therefore, based on the language of the Act, we conclude that the effect of section 900(D) is only to create another ground for finding an individual to have been ineligible to receive benefits. The mechanism for recoupment or recovery based on that ground of ineligibility, including the process of making the necessary and prerequisite determinations of ineligibility, is found in the rest of section 900 and the terms of section 703 incorporated therein.

Consequently, we find no significance in the fact that section 900(D) is a separate subsection. (We note that the other factors which a claims adjudicator would review in reconsidering a determination of eligibility are also set out in separate sections (Ill. Rev. Stat. 1981, ch. 48, pars. 420 through 444).) If section 900(D) did not exist, nothing else in the Act would give the Department a ground to recoup benefits on the basis of a back-pay award. Section 900(D) is a necessary but insufficient basis for recoupment based on back pay and must be read in conjunction with the rest of the Act, including section 900 and section 703.

The Department next argues that the reconsidered determination of ineligibility based on a back-pay award is of a different nature than reconsidered determinations based on other factors. Most reconsidered determinations of eligibility under section 703 will be based on facts roughly contemporaneous with the period of unemployment, such as the reasons for unemployment (*e.g.*, Ill. Rev. Stat. 1981, ch. 48, pars. 431, 432, 434), and the efforts of the individual to find new work (*e.g.*, Ill. Rev. Stat. 1981, ch. 48, par. 433). The Department points out, however, that the determination of whether an individual

received back pay for weeks which he had also received benefits is based on the terms of the back-pay award and is triggered only by the payment of the award. Thus, the Department asserts that the determination underlying recoupment based on a back-pay award is an initial and original determination, predicated upon the nature of the award, not upon a renewed evaluation of the facts that led to the eligibility determination in the first instance. The Department concludes that a determination that a payment constitutes a back-pay award under section 900(D) is a function distinct from a reconsidered determination under section 703.

The Department has misconstrued the meaning and function of a determination. The determination is of eligibility or ineligibility. The facts underlying that determination, whether they be the terms of a back-pay award, or the individual's efforts to seek new work, or whatever, are relevant only to the question of eligibility. Although the underlying facts may be distinguishable on many bases, the function of any determination under the Act, reconsidered or not, is to determine whether a claimant is eligible, or was eligible, to receive benefits.

For example, in this case, the Department originally determined that plaintiffs were eligible to receive benefits. To recoup those benefits, it must first reconsider those determinations and find that they were in fact ineligible because they received back pay. Accordingly, recoupment on the basis of section 900(D), as with any other recoupment action under the Act, depends on a reconsidered determination of eligibility.

The Department next asserts that imposing the time limitations of section 703 on recoupment actions based on back-pay awards hampers the Department's ability to recoup benefits wrongfully paid and frustrates the principal purpose of the Act. The Department asserts that the intent of section 900(D) is to prevent a double recov-

ery of both back pay and unemployment benefits for the same week. The Department asks us to take notice of overburdened court calendars and the backlog of cases pending before administrative agencies. According to the Department, most back-pay awards will consequently be made after any time limitation imposed by section 703, and it will be unable to timely initiate recoupment actions, thus allowing many individuals to obtain double recoveries.

The plaintiffs respond that the Department's argument is speculative and inapplicable to the facts of this case. According to plaintiffs, the Department was notified of the settlement payment well within the one-year limit of section 703.

The Department's interpretation of the intent of the legislature is much too narrow. If the sole objective of section 900 was to recover improperly obtained benefits, then conceivably the legislature would not have placed any time restraints on recoupment or recovery. Instead, the provisions of the Act reflect a balancing of interests—the interest of the employer in recouping or recovering improperly obtained benefits and the interest of the claimant in, among other things, certainty of a final decision as to whether benefits will have to be paid back. Individuals who receive unemployment benefits may not contemplate having to return those benefits in the future. To force them to plan their budget so as to be able to pay back benefits in the future, or even to receive reduced benefits in the event of future unemployment, may be unfair in certain circumstances.

That the unfairness of recoupment or recovery in certain circumstances was taken into account by the legislature is evidenced by the provisions of section 900(A)(2). Section 900(A)(2) provides that even in timely recoupment actions, the Department may waive recoupment if the recipient is without fault and "if such recoupment

would be against equity and good conscience." (Ill. Rev. Stat. 1981, ch. 48, par. 490(A)(2).) If the legislature determined that recoupment may be unfair to a claimant even within one year, we cannot say that there are no equitable considerations which would have allowed the legislature to determine that any recoupment or recovery action (other than one based on fraud under section 900(A)(1)), including recoupment based on back-pay awards, would always be inequitable or unconscionable after two years or even one year depending on the applicable provision of section 703.

We appreciate that at times it may be troublesome to place the advantage of delay in the hands of those with the power to delay. In this case, the provisions of the Act may allow unemployment benefit recipients to delay actions for back pay beyond the time limit of section 703 so as to avoid recoupment or recovery of improperly obtained benefits. However, we are also mindful of the admonition that we " 'must be wary against interpolating our notions of policy in the interstices of legislative provisions' " under the guise of statutory interpretation. (*Village of Lombard v. Pollution Control Board* (1977), 66 Ill. 2d 503, 506, quoting *Scripps-Howard Radio, Inc. v. FCC* (1942), 316 U.S. 4, 11, 86 L. Ed. 1229, 1235, 62 S. Ct. 875, 880.) It has been consistently held that an administrative agency may allow a rehearing, or modify and alter its decisions only when authorized to do so by statute. (*Pearce Hospital Foundation v. Public Aid Comm'n* (1958), 15 Ill. 2d 301, 307.) The unlimited scheme of reconsideration of determinations of eligibility set forth by the Department, no matter how logical or desirable it may seem, is simply not authorized by the Act and is found nowhere within the clear and common meaning of its language. The Department's arguments as to the difficulties imposed upon it by the time limitations of section 703 are best placed before the legisla-

ture. *Northern Trust Co. v. Bernardi* (1987), 115 Ill. 2d 354, 365.

Having concluded that the time limitations of section 703 are incorporated in section 900 and apply to recoupment actions based on back-pay awards, we turn next to the question of which of the two time limitations set forth in section 703 applies specifically to the facts of this case. Section 703 provides that determinations of eligibility for a particular week may be reconsidered within one year of the last day of that week, "except that if the issue is whether or not the *claimant misstated* his earnings for the week, such reconsidered determination may be made at any time within two years after the last day of the week." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 48, par. 453.

The Department first concedes that the plaintiffs were unaware of the back-pay awards when they applied for benefits but argues that nonetheless, by virtue of the back-pay award, a misstatement of earnings did occur during the period when plaintiffs were receiving benefits. The Department asserts that once the plaintiffs received their back-pay awards, they received wages during the time that unemployment benefits were paid to them. As a result, the Department concludes, a misstatement, albeit an innocent one, occurred.

Plaintiffs respond that they never positively misstated anything. According to plaintiffs, a misstatement of earnings would not include a failure to inform the Department about the action before the NLRB or about the settlement payment. Plaintiffs conclude that the Department's construction of the term "misstated" would render it meaningless.

Neither plaintiff ever "misstated" her earnings as contemplated by the plain and common meaning of the language used in section 703. The phrase "claimant misstated his earnings" clearly contemplates a misstatement

*by* the claimant. That is, the claimant must make a statement concerning his earnings which is false according to the facts existing at the time of the statement. If, as in this case, a future occurrence such as the payment of the settlement—of which the claimant had no certainty at the time of the statement—later renders the originally true statement false, that still does not mean the claimant made a misstatement because the future occurrence of the settlement payment is not a statement *by* the claimant. Plaintiffs did not misstate their earnings here.

Consequently the one-year time limitation of section 703 applies to this case. Here, the Department reconsidered its determination of plaintiff Weingart's eligibility almost 15 months after she received her last benefit check. The Department did not reconsider its determination of plaintiff Corbett's eligibility until almost two years after she received her last benefit check. The Department did not act within the applicable one-year limitation and consequently exceeded its statutory authority. Acts or orders of an administrative agency which are unauthorized by the enabling statute are void. (*The Homefinders, Inc. v. City of Evanston* (1976), 65 Ill. 2d 115, 129.) The reconsidered determination and recoupment actions instituted by the Department are therefore void and unenforceable.

We turn next to the question of whether the circuit court had jurisdiction to hear the complaint of plaintiff Weingart, which was filed almost 70 days after she received the board's decision. Ordinarily, Weingart would be required to file her complaint for administrative review within 35 days of her actual receipt of the board's decision. (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) However, an order entered by an administrative agency which lacks the inherent power to make or enter it is void and may be attacked at any time, either directly or collaterally, notwithstanding the 35-day filing limit for ju-

18

dicial review of administrative decisions. (*City of Chicago v. Fair Employment Practices Comm'n* (1976), 65 Ill. 2d 108, 112.) Thus, the circuit court had jurisdiction to hear plaintiff Weingart's complaint.

For the reasons set forth above, the Department of Labor's reconsidered determination and recoupment actions against both plaintiffs' were void. We need not reach plaintiffs' remaining arguments. The judgment of the appellate court is affirmed.

*Appellate court affirmed.*