T. L. CAIN *et al.*, as Coexecutors of the Estate of Marie M. Cain, Deceased, Plaintiffs-Appellees, v. FRED SUKKAR, Defendant-Appellant (Americana Health Care Center *et al.*, Defendants).

Fourth District    No. 4—86—0751

Opinion filed April 13, 1988.—Rehearing denied May 13, 1988.

GREEN, P.J., specially concurring.

Richard F. Record, Jr., and Richard C. Hayden, both of Craig & Craig, of Mattoon, for appellant.

Lawrence E. Johnson, of Lawrence E. Johnson & Associates, P.C., of Champaign, for appellees.

JUSTICE SPITZ delivered the opinion of the court:

On August 12, 1985, plaintiffs T. L. Cain, Wayne T. Cain, and Edward J. Cain, as coexecutors of the estate of Marie M. Cain, filed a medical malpractice action in the circuit court of Champaign County against defendant Fred Sukkar, and naming Cole Hospital, Inc., A. Barnes, Americana Healthcare Center, Kenneth L. Bussey, M.D., and Anthony F. Karich, M.D., as respondents in discovery (Ill. Rev. Stat. 1985, ch. 110, par. 2—402).

On January 9, 1986, Sukkar filed a motion for summary judgment on the count filed against him in the complaint. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1005.) On February 3, 1986, plaintiffs filed the affidavit of purported expert, Dr. Richard C. Gardner, in opposition to Sukkar's motion for summary judgment. Thereafter, Sukkar moved to strike Gardner's affidavit.

On February 5, 1986, plaintiffs filed an objection to Sukkar's motion to strike the affidavit, a motion to consolidate the instant action with one naming Americana Healthcare Center as defendant (Ill. Rev. Stat. 1985, ch. 110, par. 2—1006), a motion to add Kenneth L. Bussey, M.D., as a party defendant, and a first amendment to their original complaint alleging medical malpractice and naming Bussey as a defendant. On March 17, 1986, respondents in discovery, Cole Hospital, Inc., A. Barnes, and Anthony F. Karich, M.D., were dismissed with prejudice on the plaintiffs' motion.

On May 16, 1986, Sukkar filed a motion to strike Dr. Gardner's affidavit as being merely conclusory and failing to comply with Supreme Court Rule 191 (107 Ill. 2d R. 191). A hearing on Sukkar's motions for summary judgment and to strike Gardner's affidavit was held on July 3, 1986. At the conclusion of the hearing, Gardner's affidavit was stricken for failure to comply with the requirements of Supreme Court Rule 191 and Sukkar's motion for summary judgment was taken under advisement.

On July 10, 1986, the trial court entered its written order finding, based upon the uncontradicted affidavit of the defendant, that there was no genuine issue of material fact as to the action against Sukkar. Thus, the court entered summary judgment in favor of Sukkar and against the plaintiffs. Further, the court entered its finding of no just reason to delay enforcement or appeal. 107 Ill. 2d R. 304(a).

On July 29, 1986, the plaintiffs filed a motion for reconsideration and to vacate summary judgment in favor of Sukkar. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1203.) On September 8, 1986, Sukkar filed a motion to strike plaintiffs' motion for reconsideration, arguing that the trial court had no jurisdiction to hear the motion. A hearing was held on September 29, 1986, after which the trial court denied Sukkar's motion to strike and took plaintiffs' motion for reconsideration under advisement.

On October 7, 1986, the trial court entered its "Memorandum Upon Vacating Summary Judgment for Defendant Sukkar." The court found that Gardner's affidavit was erroneously stricken and plaintiffs were granted leave to refile the affidavit. Further, the court found that a genuine issue of material fact was raised thereby. Thus, the court vacated its July 10, 1986, order granting summary judgment in favor of Sukkar and in turn denied Sukkar's motion for summary judgment. Sukkar now appeals from this order.

Sukkar contends on appeal that as a consequence of the trial court's entry of a Rule 304(a) finding, which immediately followed the entry of summary judgment in favor of Sukkar, the summary judgment was final and appealable and the trial court was divested of jurisdiction. Sukkar points out that the court on July 9, 1986, entered summary judgment in his favor and thereafter entered a finding pursuant to Supreme Court Rule 304(a) of no just reason to delay enforcement or appeal. Sukkar further points out that within the 30-day period following the entry of the Rule 304(a) finding, the plaintiffs filed a motion to reconsider or vacate the order granting summary judgment, which was ultimately allowed on October 7, 1986. Sukkar contends that as a result of the Rule 304(a) finding, the order granting summary judgment became immediately appealable and the circuit court was divested of jurisdiction to entertain a petition to reconsider or vacate the order.

■■ Initially, we note that a trial court's order vacating a judgment is ordinarily not appealable because it leaves the merits of the case pending and, therefore, is not a final order. (*William Aupperle & Sons, Inc. v. American National Bank & Trust Co.* (1975), 28 Ill. App. 3d 573, 329 N.E.2d 458.) However, Sukkar contends the circuit court lacked jurisdiction on October 7, 1986, to vacate the summary judgment in his favor. If Sukkar is correct, the order vacating the judgment in his favor would be void and could be challenged in this court because a void order can be directly attacked at any time on appeal. (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416.) Hence, we must decide whether the circuit

court's entry of the 304(a) finding divested the court of jurisdiction.

■ It is fundamental that the proper filing of a notice of appeal causes the jurisdiction of the appellate court to attach *instanter* and deprives the trial court of jurisdiction to modify its judgment or to rule on matters of substance which are the subject of appeal. (*Montgomery Ward & Co. v. Wetzel* (1981), 98 Ill. App. 3d 243, 423 N.E.2d 1170.) Once an appeal has been duly filed in the appellate court by filing a notice of appeal, the trial court is restrained from entering any order which would change or modify the judgment or its scope, and from entering any order which would have the effect of interfering with the review of the judgment. (*Bachewicz v. American National Bank & Trust Co.* (1985), 135 Ill. App. 3d 294, 482 N.E.2d 95 (and cases cited therein).) In the case at bar, however, no notice of appeal was filed which would have deprived the circuit court of jurisdiction to rule on the plaintiffs' motion to reconsider or vacate the summary judgment.

■■ ■ Rule 304, which governs "appeals from Final Judgments That Do Not Dispose of an Entire Proceeding," provides in pertinent part:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. *The time for filing the notice of appeal shall run from the entry of the required finding.*" (Emphasis added.) (107 Ill. 2d R. 304.)

Although Rule 304 does not include any provision for post-judgment motions, our supreme court and several appellate courts have discussed situations in which post-judgment motions have followed the entry of findings of appealability pursuant of Rule 304(a). None of these courts were called upon to address the precise issue before this court. Nevertheless, the opinions demonstrate that following the entry of a Rule 304(a) finding, the circuit court retains jurisdiction to rule on a timely post-trial motion and the circuit court is not divested of jurisdiction until such time as a notice of appeal is timely filed. (See, *e.g., Elg v. Whittington* (1987), 119 Ill. 2d 344; *Mau v. Unarco Industries, Inc.* (1985), 135 Ill. App. 3d 736, 481 N.E.2d 1207; *In re Estate of Tingos* (1979), 72 Ill. App. 3d 703, 390 N.E.2d 1349; *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625,

373 N.E.2d 416.) In light of the foregoing, we hold that the circuit court had jurisdiction to rule on the plaintiffs' timely motion to reconsider or vacate the summary judgment in favor of Sukkar.

■■ ■ In so holding we point out that pursuant to Rule 304(a) the time for filing the notice 'of appeal shall run from the entry of the required finding. Our supreme court in *Elg* has recently determined that the filing of a timely motion to reconsider a piecemeal judgment will not toll the running of the 30-day period for filing a timely notice of appeal from that judgment based upon a Rule 304(a) finding. The *Elg* court recognized that Rule 304(a) places the piecemeal appellant in a somewhat worse position than the usual appellant, who need not file a notice of appeal until 30 days after the denial of a motion attacking the original judgment. The court reasoned, however, that this difference in treatment is justified by the fact that a Rule 304(a) appeal is an exception to the general policy disfavoring piecemeal appeals. (*Elg*, 119 Ill. 2d 344.) Further, the court stated that a new rule or decision will be given prospective operation whenever injustice or hardship due to justifiable reliance on the overruled decision would thereby be averted. (*Elg*, 119 Ill. 2d 344.) Thus, the court held that its decision in *Elg* applied prospectively to all cases in which the notice of appeal was filed or due to be filed on or after November 16, 1987. (*Elg*, 119 Ill. 2d 344.) In reaching its decision the court stated:

> "Consideration of the purpose of our holding and the balance of the equities favors a prospective application. The purpose of our holding is to insure that parties contesting piecemeal judgments swiftly prosecute their appeals without engaging in unnecessary delay. In all cases previously decided or now pending the delay caused by the filing of post-trial motions has already taken place. Prospective application will not, therefore, thwart the purpose of the rule. Moreover, retroactive application of the rule would provide appellees who benefit from possibly erroneous piecemeal judgments with the unearned windfall of the dismissal of appeals against them. Conversely, it would unfairly deprive many appellants of an opportunity to have meritorious appeals heard. We believe that these considerations outweigh any prejudice caused to appellees by the unnecessary delay of these appeals." (*Elg*, 119 Ill. 2d at 359.)

Hence, *Elg* does not apply to the instant case. Accordingly, the trial court had authority to enter its order of October 7, 1986, vacating the previous summary judgment entered in favor of Sukkar on July 10, 1986. The order of the trial court entered October 7, 1986, under

these circumstances is not a final order and thus is not appealable as an interlocutory order.

For the foregoing reason, the appeal is dismissed.

Appeal dismissed.

McCULLOUGH, J., concurs.

PRESIDING JUSTICE GREEN, specially concurring:

I concur in the decision of the majority to dismiss the appeal. I agree that the October 7, 1987, order setting aside the summary judgment was not void and was an interlocutory order not made appealable by any supreme court rule and, therefore, not appealable. I disagree with the statement of the majority that the order would be appealable had it been void. (See 167 Ill. App. 3d at 944.) I recognize that not only my able panelists but other distinguished jurists disagree with me. While little harm would have resulted from our permitting an appeal had the order been void, I deem the theory upon which such a holding would be based to be contrary to the constitutional basis of our jurisdiction and to be a theory which could have undesirable results. In concurring, I write separately for those reasons.

The jurisdiction of this court is determined by the Illinois Constitution of 1970, which states that our civil jurisdiction consists of direct review of (1) "final judgments" of a circuit court not appealable directly to the supreme court; (2) such "other than final judgments" of circuit courts as the supreme court may provide by rule; and (3) "administrative action" as the legislature may provide by law. (Ill. Const. 1970, art. VI, §6.) The supreme court rules make no provision for appeals from void orders. I cannot see how voidness can render final an order not otherwise final. I fail to see how, here, a void order setting aside a summary judgment would terminate the case when an order entered with jurisdiction does not do so. The rule that a void order can be attacked at any time by a person affected is a generally accepted legal principle. (46 Am. Jur. 2d *Judgments* §641, at 800-01 (1969).) I do not interpret that rule to be one conferring jurisdiction on a court of review. Rather, the rule provides that the issue of whether an order is void can always be raised in a case properly before a court of review.

Apparently, the theory that voidness creates appealability originates in language of the Illinois Supreme Court in *Barnard v. Michael* (1945), 392 Ill. 130, 63 N.E.2d 858. There, an order was en-

tered in a county court in a probate proceeding on November 4, 1940, ordering a sale of real estate. In 1944, a report of sale was filed and objections were made to the report. Appeal was taken to the supreme court from an order approving the report of sale. The supreme court had jurisdiction under law in force at that time, because the order was final and a freehold was involved. (Ill. Rev. Stat. 1943, ch. 37, par. 32.) The court concluded (1) the court had jurisdiction to enter the 1940 order for the sale; (2) that order had appealability because of its finality (*Anderson v. Anderson* (1930), 338 Ill. 309, 170 N.E. 212), and any error involved could not later be raised at the hearing on the report of sale; and (3) any error in approving the report of sale could not then be rectified, because the property had been sold to a purchaser not a party to the case, and more than 30 days had elapsed. Accordingly, the court dismissed the appeal as being moot.

In describing how, if the county court lacked jurisdiction to enter the order for sale, the propriety of that order could have been attacked in the county court at the time of the hearing on the report of sale, which occurred four years after the order of sale, the supreme court stated:

"A judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and *may be attacked at any time or in any court*, either directly or collaterally." (Emphasis added.) (*Barnard*, 392 Ill. at 135, 63 N.E.2d at 861-62.)

I do not interpret that language to be directed to the supreme court's jurisdiction to hear the appeal. Rather, the language was directed (1) to the trial court's power to correct its own final order after 30 days if the order had been issued without jurisdiction; and (2) to the power of the supreme court, which had jurisdiction because the order approving the report of sale was final and involved a free hold, to set aside the order for the sale if it was void even if that question had not been raised previously.

In *City of Chicago v. Fair Employment Practices Comm'n* (1976), 65 Ill. 2d 108, 357 N.E.2d 1154, the city filed in the circuit court a complaint for administrative review of a final order of the Fair Employment Practices Commission but failed, by four days, to meet the statutory deadline for filing. (Ill. Rev. Stat. 1973, ch. 110, par. 267.) The supreme court recognized that timely filing was ordinarily a jurisdictional requirement but concluded that, because the Commission order was void, review could be sought at any time. The

previously quoted language from *Barnard* was cited. Most recently, in *Weingart v. Department of Labor* (1988), 122 Ill. 2d 1, citing *City of Chicago*, the supreme court held the circuit court had jurisdiction of a case on administrative review even though the complaint was filed several months after the statutory deadline for administrative review.

The decisions in *City of Chicago* and *Weingart* are binding precedent upon us, but both concern final orders of an administrative agency, a type of order for which the legislature had provided for administrative review in the circuit court. See Ill. Const. 1970, art. VI, §9.

The cases which have holdings or *dictum* directly on point stating that voidness gives appealability to otherwise unappealable orders begin with that of the First District Appellate Court in *Underwood v. Yellow Cab Co.* (1971), 131 Ill. App. 2d 449, 268 N.E.2d 254. There, the circuit court had vacated an order dismissing a case for want of prosecution. The court recognized that such an order ordinarily "is not a final and appealable order." (*Underwood*, 131 Ill. App. 2d at 452, 268 N.E.2d at 256.) Nevertheless, there, the order was void because it was entered after a second, and void, motion for reconsideration. Without citation of authority, the court held the voidness of the order made it appealable. The court did not say whether voidness made the order final or whether void interlocutory orders are appealable.

Subsequently, in *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416, and *Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 409 N.E.2d 447, the appellate court for the First District dismissed appeals from orders vacating final orders and requiring further proceedings. The orders of vacation were held to lack finality and not to be otherwise appealable. In each case, the court noted the circuit court had jurisdiction to enter the orders from which appeal was sought and stated that, if jurisdiction had been lacking, those orders would be appealable. In *Petersen Brothers Plastics, Inc.*, *Underwood* was cited, and in *Mares, Petersen Brothers Plastics, Inc.* was cited.

The appellate court for the Fifth District struggled with a similar problem in *Williams v. A. E. Staley Manufacturing Co.* (1980), 80 Ill. App. 3d 981, 400 N.E.2d 724, *rev'd on other grounds* (1981), 83 Ill. 2d 559, 416 N.E.2d 252. There, the circuit court had dismissed a complaint in bar of action after the plaintiff had defaulted in complying with discovery requirements. Seventy-nine days thereafter, the plaintiff filed a motion to amend the order of dismissal to state the

dismissal was without prejudice to plaintiff's right to refile. The motion did not conform to then section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72). Nevertheless, the circuit court heard and purported to allow the motion even though it had lost jurisdiction 30 days after entry of the order. No contention of revestment was made. The defendant appealed. The appellate court recognized the order was not appealable under Supreme Court Rule 304(b)(3) (73 Ill. 2d R. 304(b)(3)), because that rule applied only to rulings on section 72 petitions. The court also noted that, ordinarily, an order vacating a judgment is not final, since it leaves the merits of the case pending, and that, absent finality, an order is appealable only if provision is made for such an appeal by supreme court rules.

The *Williams* majority opinion was written by a distinguished former member of the appellate court of the State, Charles Jones, who has studied and lectured extensively on matters of procedure. The opinion was concerned with problems which would arise if final judgments could be set aside and further proceedings ordered by courts purporting to act at a time they lacked jurisdiction. The opinion concluded that the rule of *Underwood* and *Petersen Brothers Plastics, Inc.,* giving appealability to void orders, was a fair and appropriate answer to the problem. The court accepted the appeal and reversed the void order. No rationale was given as to how an appeal from an order of the nature involved fit into the constitutional scheme of appellate court jurisdiction.

Finally, in *Havlen v. Waggoner* (1981), 92 Ill. App. 3d 916, 416 N.E.2d 684, appeal was attempted to the Appellate Court for the Fifth District from a circuit court order setting aside a default judgment. The appellate court remanded the case to the circuit court for a factual determination as to whether that court had jurisdiction to hear the request to set aside the default judgment. The court, citing *Williams*, stated that if the circuit court had no jurisdiction to set aside the judgment, the order doing so was "final and appealable." (*Havlen*, 92 Ill. App. 3d at 918, 416 N.E.2d at 686.) Thus, the apparent reason for designating such an order appealable is that it is final. As I have indicated, I must respectfully state I can find no logical reason to describe an order, whether void or valid, which sets aside a judgment and leaves a claim at issue, as a "final" order.

The cases of *City of Chicago* and *Weingart* are binding precedent upon us, but I would not expand upon their theory. They only concern the time for filing for administrative review. The Illinois Constitution of 1970 does not speak to this issue. The cases do not speak directly to the type of orders which are appealable. If we interpret

the theory that a void order can be appealed to any court at any time, a wide variety of situations could arise whereby a party against whom an interlocutory order is entered, not in the course of trial, could, in good faith, contend the circuit court lacked jurisdiction and claim an appeal as a matter of right to the supreme court. In a less nonsensical application of the rule, such a party could claim a right to appeal to the appellate court.

Many examples of how the rule that voidness of an order creates appealability might be used to stall proceedings can be cited. In civil cases under statutes, uncertainty still exists as to whether the subject matter jurisdiction of the circuit court is dependent upon statutory compliance. A party against whom an interlocutory order is entered in such a case could often, in good faith, take an appeal from such an order. That appeal could be from an order denying a continuance of trial. A defendant in a civil case entering a special appearance under section 2—301 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—301) on the grounds he is not amenable to process by courts of this State, losing his motion to dismiss, and being denied leave to appeal under Supreme Court Rule 306(a)(1)(iii) (107 Ill. 2d R. 306(a)(1)(iii)), could then appeal the next order entered against him contending the court lacked jurisdiction of his person, thus rendering the order void. He would, thus, raise the very issue which under Rule 306(a)(1)(iii) is one which a reviewing court has discretion as to whether to decide.

The *Williams* court properly pointed out that situations may arise where, in fairness to the parties, review should be granted from some type of void interlocutory order. However, the likelihood of this happening is the reason that the judicial article (Ill. Const. 1970, art. VI) created a power to make rules to cover such situations. With sincere respect of those who disagree with my analysis, I submit that to deem the instant order appealable if void, tortures the well-defined constitutional direction as to appealability. Such a mistake cannot be avoided by designating orders lacking in the attributes of finality as being "final" because appealability would appear desirable in a particular instance.